# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. 19 CR 322 |
| | ) | |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, | ) ) | |
| Defendant. | ) ) ) | |

### ALD. EDWARD M. BURKE'S UNOPPOSED MOTION FOR LEAVE TO FILE BRIEFS EXCEEDING PAGE LIMITS, AND TO FILE SEALED DOCUMENTS

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned counsel, respectfully moves this Court pursuant to Local Rules 7.1 and 26.2 to file briefs in excess of fifteen pages, and to file documents under seal. The Government has no objection to the grant of this relief.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On August 20, 2020, Ald. Burke will file his pretrial motions which will include: (1) a Memorandum of Law in Support of His Motion to Suppress the Fruits and Derivatives of the Electronic Surveillance Conducted Pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"); (2) a Memorandum of Law in Support of His Motion to Dismiss Counts Two and Eleven of the Superseding Indictment; and (3) a Memorandum of Law in Support of His Motion to Dismiss and Strike the State Bribery, Commercial Bribery, and Official Misconduct Charges.

2. Due to the complexity and novelty of the issues presented, it was necessary for the memoranda above to exceed the standard fifteen pages set forth in Local Rule 7.1. *See* L.R. 7.1

("Neither a brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master shall exceed 15 pages without prior approval of the court").

3. Specifically, the Memorandum of Law in Support of the Title III Suppression Motion contains a detailed factual and legal analysis of the Government's eighty-seven page affidavit in support of a Title III wiretap. Exceeding the page limit was necessary in order to address the lengthy and complex affidavit in a comprehensive and informed manner.

4. The Memorandum of Law in Support of the Motion to Dismiss Counts Two and Eleven of the Superseding Indictment raises novel issues of constitutional law and statutory interpretation regarding the federal program bribery statute, 18 U.S.C. § 666. The memorandum presents issues of first impression in this Circuit that are currently the subject of a significant Circuit split. Counsel needed to exceed the page limit in order to adequately address these complex, novel issues for the Court.

5. Similarly, the Memorandum of Law in Support of the Motion to Dismiss and Strike the State Bribery, Commercial Bribery, and Official Misconduct Charges addresses the Government's highly complex RICO and Travel Act charges contained in the nineteen-count, fifty-nine page Superseding Indictment. (Dkt. #30). The memorandum raises novel issues of constitutional law and statutory interpretation of three distinct state statutes—720 ILCS 5/33-1 (bribery), 720 ILCS 5/33-3 (official misconduct), and 720 ILCS 5/29A (commercial bribery). This memorandum also presents issues of first impression in this Circuit regarding the impact of the Supreme Court's landmark decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016) on state versus federal bribery statutes. Again here, exceeding the page limit was necessary in order to adequately address these complex, novel issues for the Court.

6. Additionally, several of Ald. Burke's pretrial motions will require the Court to review the statements of witnesses, Title III wiretap affidavits, and other materials governed by the protective order. Counsel have conferred with the Government, who have advised that these materials should be filed under seal with the Court due their sensitive nature, or submitted to the Court in hard copy for its in camera review. The Government's preference in that regard is submission of the materials in camera versus electronic sealed filings. However, due to the remote aspects of the Court and undersigned counsel's current operations, as well as the functional equivalence of sealed electronic filings and in camera submission, defense counsel respectfully submit that sealed electronic filings are preferable and equally protective of the materials. Pursuant to Local Rule 26.2(b) and (c), counsel therefore respectfully seek leave to file these materials as sealed exhibits in support of the respective pretrial motions.

7. Finally, two of Ald. Burke's forthcoming pretrial motions which relate to the suppression of wiretaps contain detailed factual analyses of materials governed by the protective order. In order to avoid the unnecessary disclosure of these sensitive materials, counsel respectfully seek leave of Court to publically file these motions with redactions, and file un-redacted versions under seal. The Government agrees with the grant of this relief.

**WHEREFORE**, Ald. Burke respectfully asks the Court to grant this motion.

Dated: August 18, 2020

Respectfully Submitted,

**JENNER & BLOCK LLP**

By: /s/ Charles B. Sklarsky
Charles B. Sklarsky
Anton R. Valukas
E.K. McWilliams
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
csklarsky@jenner.com
avalukas@jenner.com
emcwilliams@jenner.com

3

                                              **LOEB & LOEB LLP**

By:   /s/ Joseph J. Duffy
       Joseph J. Duffy
       Andrew R. DeVooght
       Robin V. Waters
       321 N. Clark Street, Suite 2300
       Chicago, IL 60654
       Tel: (312) 464-3100
       jduffy@loeb.com
       adevooght@loeb.com
       rwaters@loeb.com

*Attorneys for Alderman Burke*

**CERTIFICATE OF SERVICE**

    I, **Robin V. Waters**, Attorney At Law, hereby certify that the foregoing was filed and served on all counsel of record via the Court's CM/ECF system on this 18th day of August, 2020.

                                      /s/ Robin V. Waters
                                      Robin V. Waters

                                      *One of the Attorneys for Alderman Burke*