**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| EDWARD M. BURKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ALDERMAN EDWARD M. BURKE'S MOTION TO STRIKE
PREJUDICIAL SURPLUSAGE FROM THE INDICTMENT**

Defendant, Alderman **EDWARD M. BURKE**, by and through his attorneys, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 7(d) for an order requiring the Government to strike prejudicial surplusage from the Superseding Indictment. Specifically, paragraph 11 of the Superseding Indictment contains inflammatory accusations that are wholly irrelevant to any conduct charged. Additionally, the Government's references to the Chicago Ethics Ordinance—violations of which are *not* charged here—create a high likelihood of juror confusion. The Court should strike these prejudicial references.

**I.      LEGAL BACKGROUND**

The Court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Rule 7(d) was enacted to "introduce[] a means of protecting the Defendant against immaterial or irrelevant allegations in an indictment . . . which may, however, be prejudicial." Fed. R. Crim. P. 7(d), advisory committee's notes, 1944 adoption; *see also* 1 Charles A. Wright & Andrew D. Leipold, Federal Practice and Procedure § 128 (4th ed. 2008) ("The purpose of 7(d) is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts."). Such a

motion "is addressed to the sound discretion of the District Court." *United States v. Brighton Bldg. & Maintenance Co.*, 435 F. Supp. 222, 231 (N.D. Ill. 1977). A district court should grant a motion to strike surplusage from the indictment when "the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Groos*, 616 F. Supp. 2d 777, 789 (N.D. Ill. 2008).

## II. ARGUMENT

The Superseding Indictment makes two sets of allegations that are immaterial to any conduct charged but that will prejudice Ald. Burke by inflaming and confusing the jury. They should thus be stricken.

### A. The Reference to "Jewish lawyers" Will Inflame the Jury and Prejudice Ald. Burke by Falsely and Irrelevantly Implying that Ald. Burke Is Biased.

In the midst of its allegations regarding the Post Office project, the Government includes a long paragraph relating, in part, to Ald. Burke's alleged effort to have Company A hire Ald. Burke's law firm. The Superseding Indictment states that Ald. Burke believed the Company would hire his firm "to perform tax work only if there was something BURKE could do to assist Individual A-1 and Company A, by explaining that **BURKE believed that they would otherwise only work with Jewish lawyers to the exclusion of everybody else**." Sup. Indict. at 12 (emphasis added).

The reference to Ald. Burke's alleged belief regarding Company A's preference for "Jewish lawyers" is plainly not relevant to any of the crimes charged. Despite the lack of any legal significance, the language generates emotional impact by diving into the sensitive subject matter of religious identity. The Government seeks to exploit that sensitivity and inflame passions by attributing to Ald. Burke an immaterial statement that has undercurrents of stereotyping and tribalism. Clearly, the alleged statement could bias the jury by painting a picture of Ald. Burke's

2

character and ideology that has no bearing on whether he committed the charged crimes. This is merely "unnecessary language in an indictment that could serve only to inflame the jury." *United States v. Meek*, 2020 U.S. Dist. LEXIS 80594, at *7 (S.D. Ind. May 7, 2020) (citing *United States v. Climatemp, Inc.*, 482 F. Supp. 376, 391 (N.D. Ill. 1979)).

### B. The Superseding Indictment's References to Uncharged Ethics Ordinances Are Unnecessary and Will Likely Confuse the Jury.

In the Superseding Indictment's introductory discussion of "relevant entities and individuals," the Government includes a paragraph titled "Municipal Law: Ethics Ordinance," which recites Section 2-156-030 of the City of Chicago Ethics Ordinance. *See* Sup. Indict. at 6. The Superseding Indictment never again cites Section 2-156-030, and the only other time it references the Ethics Ordinance is in a six-paragraph, free-standing section titled "Concealment," which falls under the broader section heading of "Manner and Means of the Racketeering Violation." *See id.* at 28. But the Government never references the Ethics Ordinance as part of any of the alleged Racketeering Acts.

It is unclear why the Government cites the Ethics Ordinance given that it has no relevance to the Government's charges. Doing so creates a high likelihood that juror confusion will lead jurors to convict Ald. Burke for violating these uncharged provisions, rather than the federal criminal statutes he is actually alleged to have violated. *See United States v. Terry*, No. 1:10 CR 390, 2011 U.S. Dist. LEXIS 57288, at *29 (N.D. Ohio May 26, 2011) ("The Court further finds that any references to the judicial code in the Superseding Indictment would be unduly prejudicial to the defendant because they may have the effect of confusing the jurors, and misleading them into thinking that the defendant is on trial for ethical violations."); *United States v. Mandel*, 415 F. Supp. 997, 1009 (D. Md. 1975) (striking reference to Code of Ethics, when code did not apply to defendant and "the indictment as presently written has a prejudicial potential for confusing jurors

as to the law")[1]; *cf. United States v. Marlinga*, No. 04-80372, 2005 U.S. Dist. LEXIS 3188, at *14 (E.D. Mich. Mar. 2, 2005) (striking language that "may lead jurors to improperly infer that [defendant] engaged in uncharged offenses"). The inherently complex nature of the RICO and Travel Act charges exacerbates the risk of confusion. Notably, the inclusion of the Ethics Ordinance might mislead jurors into convicting Ald. Burke for conduct that is not even criminalized—inflating the potential penalties from a mere fine (*see generally* Chicago Ill. Mun. Code § 2-156-465) to twenty years' imprisonment, *see* 18 U.S.C. § 1963.

The Ethics Ordinance and uncharged portions of the state bribery statute are not relevant to the charges and will likely prejudice Ald. Burke by creating a risk of conviction for uncharged conduct. Therefore, these allegations should be stricken.

## III. CONCLUSION

For the reasons stated above, the Court should order the Government to strike from the Superseding Indictment the last clause of paragraph 11, and strike all references to the Ethics Ordinance.

---

[1] *Mandel* has a long and complex procedural history, with one opinion issued as late as 1994. *See United States v. Mandel*, 853 F. Supp. 177 (D. Md. 1994). Throughout this history, the district court's decision on the motion to strike was not overturned. In fact, one opinion approvingly cited the motion to strike ruling as part of an analysis criticizing the admission of portions of the ethics code at trial. *See* 591 F.2d 1347, 1366 (4th Cir. 1979).

Dated: August 20, 2020                                   Respectfully Submitted,

**JENNER & BLOCK LLP**

By: /s/ Charles B. Sklarsky
    Charles B. Sklarsky
    Anton R. Valukas
    E.K. McWilliams
    353 N. Clark Street
    Chicago, IL 60654
    Tel: (312) 222-9350
    csklarsky@jenner.com
    avalukas@jenner.com
    emcwilliams@jenner.com

**LOEB & LOEB LLP**

By: /s/ Joseph J. Duffy
    Joseph J. Duffy
    Andrew R. DeVooght
    Robin V. Waters
    321 N. Clark Street, Suite 2300
    Chicago, IL 60654
    Tel: (312) 464-3100
    jduffy@loeb.com
    adevooght@loeb.com
    rwaters@loeb.com

*Attorneys for Alderman Burke*