IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 19 CR 322 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| EDWARD M. BURKE, ) | |
| ) | |
| Defendant. ) | |

## ALDERMAN EDWARD M. BURKE'S MOTION TO ADOPT
## PRETRIAL MOTIONS FILED BY CO-DEFENDANTS ANDREWS AND CUI

Defendant, Alderman **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully requests leave to adopt the following pretrial motions filed by his co-defendants:

1. Charles Cui's Motion to Sever Defendant & Supporting Memorandum of Law (Dockets 86, 87);
2. Charles Cui's Motion to Dismiss Counts Twelve, Thirteen, Fourteen, and Fifteen of the Superseding Indictment & Supporting Memorandum of Law (Dockets 88, 89)
3. Peter Andrews' Motion to Sever Defendant (Docket 96)
4. Peter Andrews' Motion to Dismiss Counts 7 & 8 of Superseding Indictment (inability to establish interstate communication) (Docket 98)[1]

---

[1] Counsel note for the record that the arguments set forth in Docket 98 apply to *additional* counts in the Superseding Indictment with respect to Ald. Burke. Specifically, if the Court dismisses the Travel Act charges in Counts Seven and Eight for failure to establish an interstate communication—because the Superseding Indictment alleges wholly intrastate communications—the Court must also dismiss the following Counts with respect to Ald. Burke:

- Count One RICO Act 2(a) (wholly intrastate call between Ald. Burke and Ald. A);
- Count One RICO Act 3(e) (wholly intrastate call between Ald. Burke and Defendant Andrews);
- Count One RICO Act 3(f) (wholly intrastate call between Ald. Burke and Defendant Andrews);
- Count One RICO Act 4(a) (wholly intrastate email involving Ald. Burke and Defendant Cui);
- Count One RICO Act 4(b) (wholly intrastate call between Ald. Burke and his assistant);
- Count One RICO Act 5(b) (wholly intrastate call between Ald. Burke and Ind. E-1's mother);
- Count Fifteen (wholly intrastate call between email involving Ald. Burke and Defendant Cui);
- Count Sixteen (wholly intrastate call between Ald. Burke and his assistant);

As with Counts Seven and Eight, on the face of the Superseding Indictment none of these allegations trigger liability under 18 U.S.C. § 1952.

5.     Motion by Peter Andrews for Bill of Particulars regarding Counts 7 & 8 (Docket 101)[2]

Dated:     August 21, 2020                              Respectfully submitted,

**JENNER & BLOCK LLP**

By:   /s/ Charles B. Sklarsky
       Charles B. Sklarsky
       Anton R. Valukas
       E.K. McWilliams
       353 N. Clark Street
       Chicago, IL 60654
       Tel: (312) 222-9350
       csklarsky@jenner.com
       avalukas@jenner.com
       emcwilliams@jenner.com

**LOEB & LOEB LLP**

By:   /s/ Joseph J. Duffy
       Joseph J. Duffy
       Andrew R. DeVooght
       Robin V. Waters
       321 N. Clark Street, Suite 2300
       Chicago, IL 60654
       Tel: (312) 464-3100
       jduffy@loeb.com
       adevooght@loeb.com
       rwaters@loeb.com

---

[2] Counsel further note for the record that the arguments set forth in Docket 101 apply to all of the Travel Act Counts in the Superseding Indictment, as well as the racketeering acts alleged in RICO Count One that are predicated on the Travel Act. If the Court grants Docket 101, the Court should also require the Government to identify the subsequent overt act alleged but not identified by the Government with respect to all of the Travel Act-related charges.