**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 19 CR 322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BURKE'S REPLY IN SUPPORT OF HIS
<u>FIRST CONSOLIDATED MOTIONS *IN LIMINE*</u>**

Defendant, **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully submits the following Reply in Support of his First Consolidated Motions *in Limine*. (Dkt. 230).

## <u>Introduction</u>

The Government's response to Defendant Burke's First Consolidated Motions *in Limine* is deeply flawed. It relies in significant part on cases that were decided before and are plainly inconsistent with the Seventh Circuit's *en banc* decision in *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014). It ignores the central tenet of *Gomez*, that an alleged proper purpose under Rule 404(b) is not enough and that the asserted purpose of the evidence must not depend on a chain of reasoning that includes the forbidden propensity inference. It relies on alleged Rule 404(b) purposes that are not even in issue here, like absence of mistake or accident or proof of identity. It barely nods to Rule 403 and the risk of unfair prejudice and confusion of the issues.

And it even injects a new phone call not mentioned in its Rule 404(b) Notice. The Government is wrong about the admissibility of all of the evidence cited in its Notice, and the Defendant's motions *in limine* should be granted.

## ARGUMENT

1.  <u>The Fundraising Calls With Individual F-1 Are Inadmissible.</u>

At the outset, the Government attempts to expand the scope of its Rule 404(b) Notice a month after its filing was due by adding another taped conversation with Individual F-1 (Session #944). That is improper, and the evidence newly proposed for admission should be barred.

Once again demonstrating its see-what-sticks approach to other-acts evidence, the Government cites no less than four bases for admission under Rule 404(b). (Resp. at 4). One of them has no relevance to the case and is newly concocted: absence of mistake. No one has or will suggest that Mr. Burke is defending on the grounds of mistake, so that basis can be quickly discarded. The Government places great weight on "modus operandi" (Resp. at 6–7), although recognizing that "modus operandi" almost always has to do with establishing the identity of the perpetrator, and identity is not in issue here. (Resp. at 7). While there may be rare and limited exceptions permitting *modus operandi* in other circumstances, it cannot be permitted to swallow the general prohibition under Rule 404(b), as *Gomez* itself made crystal clear. 765 F.3d at 856. And here, the evidence at issue, whatever the theory, must be excluded because "its relevance to 'another purpose' is established *only* through the forbidden propensity inference." *Id.* The Government makes no effort at analyzing this issue,

and for good reason. The only way the evidence can be said to be relevant is through the inference that he has done it before and therefore must have done it again.

The Government relies principally on the three-decade old decision (which predated *Gomez* by 20 years) in *United States v. Shields*, 999 F.2d 1090 (7th Cir. 1993), but *Shields* is no longer good law on Rule 404(b), and cases of its ilk are the very reason why the *en banc* court in *Gomez* had to revise the jurisprudence. The court in *Shields* found the evidence of prior bribes by an attorney was relevant to show he had the "willingness and chutzpah to bribe a judge." 999 F.2d at 1099. But that concept did not survive *Gomez*: "willingness" and "chutzpah" are pure character traits used to show action in conformity, that is, propensity. While they may have been relevant to show intent, the relevance fundamentally depended on the forbidden propensity inference. The cases from other circuits, and the other cases cited by the Government have exactly the same flaw.

This is not limited to the Government's claims about *modus operandi*. The relevance of the Individual F-1 conversation is mediated by the forbidden propensity inference whether the claim is that it is offered to show intent or plan or anything else. Simply put, if it shows "intent," it shows it only through the chain of reasoning that suggests that he must have intended to commit extortion in the Burger King incident because he had supposedly talked (jokingly) about committing an extortion of a political donor.

The Government's Rule 403 argument is purely superficial. It totally ignores that this proposed evidence carries a huge propensity risk, to the say the least. And

3

because it purportedly relates to political fundraising, not obtaining legal business, and to a joke made to a friend, not an extortionate threat, the probative value is very small. This evidence should be excluded.

B.   <u>The Company G Evidence Is Inadmissible.</u>

There is no dispute that Mr. Burke was interested in obtaining tax work from developers, a major source of work for property tax appeal lawyers. That will be evident from the taped conversations relating to the charged crimes, namely, the Post Office, Burger King, and Binny's pole sign. There is no need for more evidence on this point, especially because the conversation regarding Company G sheds no light on the point actually at issue here and because it is unfairly prejudicial and cumulative.

First, while Mr. Burke clearly asked Solis to put in a good word for him with Company G (with whom he had previously done business), there is not a hint that Mr. Burke was suggesting that he would take some official action in exchange. Nor was there anything said about Solis taking an official action in exchange for Mr. Burke getting legal work for Company G. The government says that this conversation somehow shows that Mr. Burke acted "corruptly" in other incidents because Company G *might* need help from him or Solis in some later circumstance. (Resp. at 14–15). But it is neither bribery nor extortion to seek legal business from someone who might or might not need official help in the future. The corrupt intent necessary is the intent to trade a specific official action for a specific payment. The call regarding Company G has neither of these components, which is precisely why the Government did not charge it in the Indictment.

The Government's fallback argument is that it is relevant to show Mr. Burke's "motive," assertedly, "greed." (Resp. at 16). In support, the Government cites only one case, *United States v. Orr*, 969 F.3d 732, 740 (7th Cir. 2020), which does not aid its argument at all. There, the district judge made a "close discretionary call" by deciding that the defendant had put his motive at issue on the witness stand. *Id.* at 740. The court reversed the defendant's conviction because the trial judge's personal biases may have affected his rulings on this and other key evidentiary issues.

This case is even further afield on the facts. The key to the lower court's ruling was that the defendant had supposedly put his motive in issue on the witness stand; here, by contrast, the trial has not even started and the Government's theorizing about the defense is pure speculation. In addition, the supposed motive here is not the motive for possessing a gun as in *Orr*, but the motive for seeking remunerative legal work. The Government's argument conflates the concepts or "profit making" and "greed," but neither is relevant here because the defense has not put motive in issue.

In other words, the supposed motive evidence is probative of no issue in the case. On the other hand, it is highly prejudicial precisely because the Government has made clear that it intends to draw an equivalence between seeking clients who have connections with the City and taking bribes or receiving rewards for official action. This evidence should be excluded.

C.    The Mayor H Evidence Is Inadmissible.

Even the Government seems to recognize that the attempt to put in the phone call with Mayor H is out of bounds. See Resp. at 17 (referring to it as "a closer call").

In reality, there is nothing close about this call. Mayor H makes a suggestion that they talk sometime about giving Mr. Burke referrals to developers. Mr. Burke's entire response is "Yeah."

This exchange casts no light on any issue in the case. Mr. Burke's ambiguous "Yeah" to an ambiguous and inchoate suggestion to discuss referrals does not show anything at all about his intent to commit the crimes of bribery and extortion. And even the Government does not suggest that it does. Rather the Government says that it shows his intent to develop clients for his law firm through his political connections. That is not a crime, and even if it were, it is not the crime he is charged with. And contrary to the Government's suggestion, merely being willing to talk to a public official from another city about the possibility of doing tax work for some unidentified developers shows nothing about an intent "to exert influence on" the hypothetical clients. (Resp. at 18).

The proffered explanation is especially hollow since Mr. Burke is not contesting that he wanted to use political connections to get business, something many other lawyers do. But it is peculiarly harmful under Rule 403 here precisely because the Government seeks to paint entirely legal behavior as something unlawful. And the Government itself admits that the evidence is cumulative as to the other two incidents in its Rule 404(b) Notice, while ignoring that it is also cumulative to the conduct at issue in the Post Office, Burger King, and Binny's incidents. There is no reason to admit this evidence.

6

For all of these reasons, the Court should grant Mr. Burke's First Consolidated

Motions *In Limine*.

Dated:  October 6, 2023                                     Respectfully Submitted,

**JENNER & BLOCK LLP**                           **LOEB & LOEB LLP**

By:   */s/ Charles B. Sklarsky*                       By:   */s/ Joseph J. Duffy*
     Charles B. Sklarsky                                 Joseph J. Duffy
     Kimberly Rhum                                         Robin V. Waters
     353 N. Clark Street                                    321 N. Clark Street, Suite 2300
     Chicago, IL 60654                                      Chicago, IL 60654
     Tel: (312) 222-9350                                    Tel: (312) 464-3100
     csklarsky@jenner.com                                  jduffy@loeb.com
     krhum@jenner.com                                      rwaters@loeb.com

                                                   **GAIR EBERHARD NELSON DEDINAS LTD**

                                                   By:   */s/ Chris Gair*
                                                      Chris Gair
                                                      1 East Wacker Drive, Suite 2600
                                                      Chicago, IL 60601
                                                     Tel: (312) 600-4901
                                                      cgair@gairlawgroup.com

                                                     *Attorneys for Edward M. Burke*