UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the attached Government's Proposed Jury Instructions. The parties will confer, and by October 13, 2023 will file: 1) one set of government's instructions that are objected to a defendant; 2) one set by each defendant that is objected to by the government; and 3) one set of agreed instructions. The government may ask the Court for permission to supplement this submission as appropriate.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:  /s/ *Sarah Streicker*
AMARJEET BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY CHAPMAN
SUSHMA RAJU
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

## FUNCTIONS OF COURT AND JURY

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of] you a copy of these instructions to use in the jury room. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
Bauer Pattern Jury Instruction 1.01

## THE CHARGES

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants committed the following crimes:

Edward Burke is charged with racketeering, corruptly soliciting, demanding, accepting, or agreeing to accept things of value, use of an interstate facility to promote unlawful activity, attempted extortion, and conspiracy to commit extortion.

Peter Andrews is charged with attempted extortion, conspiracy to commit extortion, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

Charles Cui is charged with corruptly offering or agreeing to give things of value, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
Bauer Pattern Jury Instruction 1.02 (modified)

**PRESUMPTION OF INNOCENCE / BURDEN OF PROOF**

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
Bauer Pattern Jury Instruction 1.03

## THE EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that [certain facts are true] [or] [that a witness would have given certain testimony].

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
Bauer Pattern Jury Instruction 2.01

## CONSIDERING THE EVIDENCE

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
Bauer Pattern Jury Instruction 2.02

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
Bauer Pattern Jury Instruction 2.03

## NUMBER OF WITNESSES

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7
Bauer Pattern Jury Instruction 2.04

**DEFENDANT'S DECISION NOT TO TESTIFY [OR PRESENT EVIDENCE]**

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that [the; a] defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

GOVERNMENT INSTRUCTION NO. 8
Bauer Pattern Jury Instruction 2.05

## CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9
Bauer Pattern Jury Instruction 3.01

**ATTORNEY INTERVIEWING WITNESS**

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 10
Bauer Pattern Jury Instruction 3.02

## PRIOR INCONSISTENT STATEMENTS

[You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]]

GOVERNMENT INSTRUCTION NO. 11
Bauer Pattern Jury Instruction 3.03

## PRIOR INCONSISTENT STATEMENT BY DEFENDANT

[You have heard evidence that before the trial, [the; a] defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by [the; a] defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. 12
Bauer Pattern Jury Instruction 3.04

**STATEMENTS NOT OFFERED FOR THEIR TRUTH**

You have heard recordings that included statements made by Daniel Solis during his cooperation with the government. The statements Solis made in these recordings may not be considered as evidence that what he said is actually true. You can consider Solis's statements in these recordings only to place in context and help you understand the conversations and the statements made by others in these recordings.

GOVERNMENT INSTRUCTION NO. 13
*United States v. Davis*, 890 F.2d 1373, 1379-80 (7th Cir. 1989)
*United States v. Lewis*, No. 07 CR 07, 2008 WL 5083131, at *5 (N.D. Ill. Nov. 25, 2008) (Kendall, J.), *aff'd*, 641 F.3d 773 (7th Cir. 2011)
*United States v. McClain et al.,* No. 20 CR 812, Dkt. 249 at 13 (N.D. Ill.) (Leinenweber, J.).

14

**CHARACTER EVIDENCE REGARDING WITNESS**

[You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give to it.]

GOVERNMENT INSTRUCTION NO. 14
Bauer Pattern Jury Instruction 3.07

**CHARACTER WITNESS REGARDING DEFENDANT**

[You have heard testimony about [the defendant's; defendant [name]'s] [good character; character for [list characteristic, trait or attribute]]. You should consider this testimony together with and in the same way you consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 15
Bauer Pattern Jury Instruction 3.08

**STATEMENT BY DEFENDANT**

You have heard testimony and received evidence that defendant Peter Andrews and defendant Charles Cui each made statements to agents from the Federal Bureau of Investigation. You must decide whether each defendant made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

You may not consider the statement of defendant Peter Andrews or Charles Cui to the Federal Bureau of Investigation as evidence against any other defendant.

GOVERNMENT INSTRUCTION NO. 16
Bauer Pattern Jury Instruction 3.09 (modified)

## EVIDENCE OF OTHER ACTS BY DEFENDANT

[You have heard [testimony; evidence] that the defendant committed acts other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider that evidence to help you decide [describe with particularity the purpose for which other act evidence was admitted, e.g. the defendant's intent to distribute narcotics, absence of mistake in dealing with the alleged victim, etc.]. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is only on trial for the specific crimes alleged in the indictment]. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.]

GOVERNMENT INSTRUCTION NO. 17
Bauer Pattern Jury Instruction 3.11

## OPINION TESTIMONY

[You have heard from Constance Mixon, who gave opinions and testimony about the structure of the City of Chicago's government, including the operation of the Chicago City Council.

You have also heard from Kevin Kulbacki, a forensic document examiner who gave opinions and testimony about handwriting analysis as to certain documents in the record.

You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.]

GOVERNMENT INSTRUCTION NO. 18
Bauer Pattern Jury Instruction 3.13 (modified)

## RECORDED CONVERSATIONS/ TRANSCRIPTS

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

GOVERNMENT INSTRUCTION NO. 19
Bauer Pattern Jury Instruction 3.14

## SUMMARIES RECEIVED IN EVIDENCE

[Certain [summaries; charts] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the [summaries; charts] are accurate.]]

[It is up to you to decide how much weight to give to the [summaries; charts].]

GOVERNMENT INSTRUCTION NO. 20
Bauer Pattern Jury Instruction 3.16

**DEMONSTRATIVE SUMMARIES/CHARTS NOT RECEIVED IN EVIDENCE**

[Certain [summaries; charts] were shown to you to help explain other evidence that was admitted. [Specifically identify the demonstrative exhibit, if appropriate.] These [summaries; charts] are not themselves evidence or proof of any facts [, so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]]

GOVERNMENT INSTRUCTION NO. 21
Bauer Pattern Jury Instruction 3.17

**JUROR NOTE-TAKING**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 22
Bauer Pattern Jury Instruction 3.18

## GOVERNMENT INVESTIGATIVE TECHNIQUES

[Sometimes the government uses cooperating individuals who may conceal their cooperation in order to gather evidence of suspected violations of law. In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses and subterfuges and to employ investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation. Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter your deliberations in any way.]

GOVERNMENT INSTRUCTION NO. 23
*United States v. McKnight*, 665 F.3d 786, 789 (7th Cir. 2011) (approving nearly identical instruction); *United States v. Calabrese*, 02 CR 1050 (N.D. Ill.) (Zagel, J.) at Dkt. 725; *United States v. Polchan*, 08 CR 115 (N.D. Ill.) (Guzman, J.) at Dkt. 518.

**DATE OF CRIMES CHARGED**

The indictment charges that the crimes happened "on or about" certain dates or "in or around" certain months. The government must prove that the crimes happened reasonably close to the dates and months alleged. The government is not required to prove that the crimes happened on those exact dates or months.

GOVERNMENT INSTRUCTION NO. 24
Bauer Pattern Jury Instruction 4.05 (modified)

## SEPARATE CONSIDERATION OF DEFENDANTS

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

GOVERNMENT INSTRUCTION NO. 25
Bauer Pattern Jury Instruction 4.07 (modified)

**REDACTIONS**

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

GOVERNMENT INSTRUCTION NO. 26

*United States v. McClain et al.,* No. 20 CR 812, Dkt. 249 at 26 (N.D. Ill.) (Leinenweber, J.).

**INSTRUCTIONS RELATING TO COUNT ONE**

**RACKETEERING IN VIOLATION OF 18 U.S.C. § 1962(c)**

## COUNT ONE—ELEMENTS

Count One of the indictment charges defendant Edward Burke with racketeering. In order for you to find defendant Edward Burke guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That the City of Chicago was an enterprise; and

2. That defendant Edward Burke was employed by or associated with the enterprise; and

3. That defendant Edward Burke knowingly conducted or participated in the conduct of the affairs of the City of Chicago through a pattern of racketeering activity as described in Count One; and

4. That the activities of the City of Chicago affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find defendant Edward Burke guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find defendant Edward Burke not guilty of Count One.

GOVERNMENT INSTRUCTION NO. 27
Bauer Pattern Jury Instructions at p. 822 (modified)

**COUNT ONE**
**DEFINTION OF "ENTERPRISE"**

The term "enterprise" includes a municipal corporation.

GOVERNMENT INSTRUCTION NO. 28

*United States v. Emond*, 935 F.2d 1511, 1512 (7th Cir. 1991) (noting, without analysis, that Village was RICO enterprise); *United States v. Kovic*, 684 F.2d 512, 516 (7th Cir. 1982) ("governmental or public entities [such as the Chicago Police Department] fit within the definition of 'enterprise' for purposes of RICO"); *United States v. Lee Stoller Enterprises, Inc.*, 652 F.2d 1313, 1319 (7th Cir. 1981) (en banc) ("a public entity may constitute an 'enterprise' within the meaning of RICO"); *LaFlamboy v. Landek*, 587 F. Supp. 2d 914, 938 (N.D. Ill. 2008) (St Eve, J.) (village of Bridgeview was a RICO enterprise; "A municipality or other public entity may qualify as a RICO enterprise.").

**COUNT ONE**
**DEFINTION OF "ASSOCIATE"**

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

GOVERNMENT INSTRUCTION NO. 29
Bauer Pattern Jury Instruction at p. 830

## KNOWINGLY

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Counts One, Five, Six, Ten, Seventeen, and Eighteen all require the defendant act "knowingly."

GOVERNMENT INSTRUCTION NO. 30
Bauer Pattern Jury Instruction 4.10 (modified)

**COUNT ONE**
**DEFINTION OF "CONDUCT OR PARTICIPATE IN THE CONDUCT OF"**

A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

GOVERNMENT INSTRUCTION NO. 31
Bauer Pattern Jury Instruction at p.829

**COUNT ONE**
**DEFINITION OF "PATTERN OF RACKETEERING ACTIVITY"**

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant committed or caused another person to commit at least two racketeering acts described in Count One, and that those acts were in some way related to each other and that there was continuity between them, and that they were separate acts.

Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the acts described in Count One were committed, but you must unanimously agree as to which two or more racketeering acts the defendant committed or caused to be committed in order to find the defendant guilty of that count.

GOVERNMENT INSTRUCTION NO. 32
Bauer Pattern Jury Instruction at p. 823

**COUNT ONE**
**SUBPARTS OF RACKETEERING ACTS**

Each of the racketeering acts described in paragraph 84 of Count One is numbered and consists of multiple offenses set out in separate, lettered sub-paragraphs (a), (b), (c), (d), etc. To prove that a defendant committed a particular "racketeering act" that is made up of multiple offenses, it is sufficient if the government proves beyond a reasonable doubt that the defendant committed at least one of the offenses identified in the sub-paragraphs of that racketeering act. However, you must unanimously agree upon which of the different offenses alleged within a racketeering act the defendant committed.

GOVERNMENT INSTRUCTION NO. 33
Bauer Pattern Jury Instruction at p. 824

35

## COUNT ONE—RACKETEERING ACTIVITY

The law defines "racketeering activity" to include the following:

A. Any act involving bribery under the following provisions of Illinois state law:

  (1)    720 Illinois Compiled Statutes 5/33-1(a) (bribery).

  (2)    720 Illinois Compiled Statutes 5/33-1(d) (bribery).

  (3)    720 Illinois Compiled Statutes 5/33-1(e) (bribery).

  (4)    720 Illinois Compiled Statutes 5/33-3(a)(4) (official misconduct).

  (5)    720 Illinois Compiled Statutes 5/8-4 (attempted bribery).

Illinois Compiled Statutes are referred to in short form as "ILCS."

B. Any act which constitutes a violation of any of the following provisions of Title 18 of the United States Code:

  (1)  Section 1951(a) (attempted extortion and conspiracy to commit extortion).

  (2)  Section 1952(a)(3) (use of an interstate facility in aid of unlawful activity).

I will describe these statutes in a few moments. Any violation of any of these statutes may constitute a distinct act of "racketeering activity."

GOVERNMENT INSTRUCTION NO. 34
18 U.S.C. § 1961(1)
*United States v. Calabrese*, 02 CR 1050 (N.D. Ill.) (Zagel, J.) at Dkt. 725 at page 46-47;
*United States v. Polchan*, 08 CR 115 (N.D. Ill.) (Guzman, J.) at Dkt. 518 at page 42 (jury instructions).

**COUNT ONE—RACKETEERING ACT 1**

Racketeering Act 1 relates to defendant Edward Burke's alleged conduct concerning the Post Office project from in or around August 2016 continuing to on or about January 18, 2018.

There are four subparagraphs to Racketeering Act 1, which are identified as Racketeering Act 1(a) through 1(d). I will now explain the law applicable to these subparagraphs.

-

GOVERNMENT INSTRUCTION NO. 35

**COUNT ONE, RACKETEERING ACT 1(a)**
**ATTEMPTED BRIBERY UNDER**
**720 ILLINOIS COMPILED STATUTES 5/33-1(e) AND 5/8-4**

A person commits the offense of bribery under 720 Illinois Compiled Statutes ("ILCS") 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

The term "public officer" under Illinois law is a person who is appointed to an office which is established, and the qualifications and duties of which are prescribed by statute, to discharge a public duty for any political subdivision of the State.

The term "public employee" under Illinois law is a person who is authorized to perform an official function on behalf of, and is paid by, any political subdivision of the State.

Racketeering Act 1(a) alleges defendant Edward Burke committed the offense of attempted bribery. A person commits the offense of attempt under Illinois law under 720 ILCS 5/8-4, when he, with the intent to commit the offense, does any act which constitutes a substantial step toward the commission of the offense. The offense attempted need not have been committed. Therefore, in order to find that defendant Edward Burke committed the offense of attempted bribery as alleged in

Racketeering Act 1(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Edward Burke performed an act which constituted a substantial step toward the commission of the offense of bribery, as described above; and

2.     That defendant Edward Burke did so with the intent to commit the offense of bribery.

GOVERNMENT INSTRUCTION NO. 36
*United States v. Blagojevich*, No. 08 CR 888, Dkt. 1023 at page 6445 (N.D. Ill.) (Zagel, J.) (modified)
720 ILCS 5/33-1(e)
720 ILCS 5/8-4
Ill. Pattern Criminal Jury Instructions 21.11, 21.12D (modified)
Ill. Pattern Criminal Jury Instructions 6.05 (modified)

**COUNT ONE, RACKETEERING ACT 1(b)**
**OFFICIAL MISCONDUCT UNDER**
**720 ILLINOIS COMPILED STATUTES 5/33-3(a)(4)**

Racketeering Act 1(b) alleges defendant Edward Burke committed the offense of official misconduct. In order to find that defendant Edward Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.   That defendant Edward Burke was a public officer or public employee; and

2.   That when in his official capacity, defendant Edward Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

GOVERNMENT INSTRUCTION NO. 37
720 ILCS 5/33-3(a)(4); Ill. Pattern Criminal Jury Instructions 21.15, 21.16 (modified)

**COUNT ONE, RACKETEERING ACT 1(c) AND 1(d)
USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY
UNDER TITLE 18, SECTION 1952(a)(3)**

Racketeering Act 1(c) and 1(d) each allege defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952. In order for you to find the defendant violated this statute, the government must prove each of the following propositions beyond a reasonable doubt:

1.    That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.    That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.    Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

GOVERNMENT INSTRUCTION NO. 38
Bauer Pattern Jury Instructions at p. 787-88 (modified)

## COUNT ONE, RACKETEERING ACT 1(c) and 1(d)
## DEFINITION OF "INTERSTATE COMMERCE"

With regard to Racketeering Act 1(c) and 1(d), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## COUNT ONE RACKETEERING ACT 1(c) and 1(d)
## DEFINITION OF "UNLAWFUL ACTIVITY"

As used throughout these instructions, "unlawful activity" includes bribery and official misconduct in violation of the laws of the State of Illinois or extortion in violation of federal law.

With respect to charges alleging the use of an interstate facility in aid of unlawful activity, the government is not required to prove that the unlawful activity was actually committed. Moreover, where the indictment alleges that an interstate facility was used in aid of more than one specified unlawful activity, you need only find that an interstate facility was used in aid of one of the unlawful activities specified, so long as you unanimously agree on that specific unlawful activity.

GOVERNMENT INSTRUCTION NO. 40
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## COUNT ONE RACKETEERING ACT 1(c) and 1(d)
## BRIBERY, OFFICIAL MISCONDUCT, AND COMMERCIAL BRIBE
## RECEIVING

With regard to Racketeering Act 1(c) and 1(d), defendant Edward Burke is charged with using an interstate facility in aid of the following unlawful activity: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With regard to the first offense, a person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

With regard to the second offense, a person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

3.     That when in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

With regard to the third offense, a person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.     The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## COUNT ONE—RACKETEERING ACT 2
## USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY
## UNDER TITLE 18, SECTION 1952(a)(3)

Racketeering Act 2 relates to defendant Edward Burke's alleged conduct concerning the Post Office project in or around August 2018.

There are two subparagraphs to Racketeering Act 2, which are identified as Racketeering Act 2(a) and 2(b). I will now explain the law applicable to these subparagraphs.

Racketeering Act 2(a) alleges that defendant Edward Burke used an interstate facility in aid of unlawful activity, namely official misconduct and commercial bribe receiving under Illinois law, in violation of Title 18, United States Code, Section 1952(a)(3).

Racketeering Act 2(b) alleges that defendant Edward Burke used an interstate facility in aid of unlawful activity, namely official misconduct under Illinois law, in violation of Title 18, United States Code, Sections 1952(a)(3).

I previously described the law applicable to these racketeering acts, which appears on page(s) ** of these instructions.

GOVERNMENT INSTRUCTION NO. 42

## COUNT ONE—RACKETEERING ACT 3

Racketeering Act 3 relates to defendant Edward Burke's alleged conduct concerning the restaurant remodeling project in 2017 and 2018.

There are seven subparagraphs to Racketeering Act 3, which are identified as Racketeering Act 3(a) through 3(g). I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 43

## COUNT ONE, RACKETEERING ACT 3(a)
## ATTEMPTED EXTORTION

Racketeering Act 3(a) alleges that defendant Edward Burke committed the offense of attempted extortion, in violation of Title 18, United States Code, Section 1951(a). A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following propositions beyond a reasonable doubt:

1.      That the defendant knowingly attempted to obtain money or property from the victim;

2.      That the defendant attempted to do so by means of extortion by fear or under color of official right;

3.      That the defendant believed that the victim would have parted with the money or property because of the extortion; and

4.      That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.

GOVERNMENT INSTRUCTION NO. 44
Bauer Pattern Instructions 4.09
Bauer Pattern Instructions at 777 (modified)

**COUNT ONE, RACKETEERING ACT 3(a)**
**DEFINITION OF EXTORTION "BY FEAR"**

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

**COUNT ONE, RACKETEERING ACT 3(a)**
**DEFINTION OF EXTORTION UNDER "COLOR OF OFFICIAL RIGHT"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

**COUNT ONE, RACKETEERING ACT 3(a)**
**DEFINITION OF "PROPERTY"**

With respect to Count One, Racketeering Act 3(a), "property" includes fees arising from [Company B's] retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47
Bauer Pattern Instructions at 784 (modified)

**COUNT ONE, RACKETEERING ACT 3(a)**
**DEFINITION OF "INTERSTATE COMMERCE"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

**COUNT ONE, RACKETEERING ACT 3(a)**
**ACTING THROUGH ANOTHER**

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 49
Bauer Pattern Jury Instruction 5.06

## COUNT ONE, RACKETEERING ACT 3(b)
## EXTORTION CONSPIRACY

Racketeering Act 3(b) alleges that defendant Edward Burke committed the crime of conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951(a). The government must prove each of the following propositions beyond a reasonable doubt:

1.      The conspiracy as charged existed; and

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

GOVERNMENT INSTRUCTION NO. 50
Bauer Pattern Instructions 5.08B

**COUNT ONE, RACKETEERING ACT 3(b)**
**DEFINITION OF "CONSPIRACY"**

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT INSTRUCTION NO. 51
Bauer Pattern Instructions 5.09

## COUNT ONE, RACKETEERING ACT 3(b)
## MEMBERSHIP IN CONSPIRACY

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

[A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.]

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 52
Bauer Pattern Instructions 5.10

**COUNT ONE, RACKETEERING ACT 3(c)**
**ATTEMPTED BRIBERY UNDER**
**720 ILLINOIS COMPILED STATUTES 5/33-1(e) AND 5/8-4**

Racketeering Act 3(c) alleges that defendant Edward Burke committed the offense of attempted bribery, in violation of 720 ILCS 5/33-1(e), and 720 ILCS 5/8-4.

I previously described the law applicable to this racketeering act, which appears on page(s) ** of these instructions.

GOVERNMENT INSTRUCTION NO. 53

**COUNT ONE, RACKETEERING ACT 3(d)**
**OFFICIAL MISCONDUCT UNDER**
**720 ILLINOIS COMPILED STATUTES 5/33-3(a)(4)**

Racketeering Act 3(d) alleges that defendant Edward Burke committed the crime of official misconduct, in violation of 720 ILCS 5/33-3(a)(4). I previously described the law applicable to this racketeering act, which appears on page(s) ** of these instructions.

GOVERNMENT INSTRUCTION NO. 54

**COUNT ONE, RACKETEERING ACTS 3(e), 3(f) and 3(g)
USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY
UNDER TITLE 18, SECTION 1952(a)(3)**

Racketeering Act 3(e), 3(f), and 3(g) allege that defendant Edward Burke committed the crime of using an interstate facility in aid of unlawful activity, namely extortion under federal law, bribery under Illinois law, official misconduct under Illinois law, and commercial bribe receiving under Illinois law, in violation of Title 18, United States Code, Sections 1952(a)(3).

I previously described much of the law applicable to these racketeering acts, which appears on page(s) ** of these instructions.

With regard to the first unlawful activity, a person commits the offense of extortion under federal law when:

1.      A person knowingly obtains money or property from the victim;

2.      The person does so by means of extortion by fear or under color of official right;

3.      The person believed that the victim would have parted with the money or property because of the extortion; and

4.      The conduct of the person affected interstate commerce.

I have previously explained to you the terms "property," extortion "by fear," extortion under "color of official right," and "interstate commerce" for purposes of extortion charges. Those terms are described on pages ** of these instructions.

GOVERNMENT INSTRUCTION NO. 55
Bauer Pattern Instructions at 777 (modified)

## COUNT ONE—RACKETEERING ACT 4

Racketeering Act 4 relates to defendant Edward Burke's alleged conduct concerning the pole sign permit for defendant Charles Cui's property in 2017.

There are three subparagraphs to Racketeering Act 4, which are identified as Racketeering Act 4(a) through 4(c). I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 56

**COUNT ONE, RACKETEERING ACT 4(a) AND 4(b)**
**USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY**
**UNDER TITLE 18, SECTION 1952(a)(3)**

Racketeering Act 4(a) and 4(b) allege that Edward Burke committed the crime of use of an interstate facility in aid of unlawful activity, namely bribery under Illinois law, official misconduct under Illinois law, commercial bribery under Illinois law, and commercial bribe receiving under Illinois law, in violation of Title 18, United States Code, Section 1952(a)(3).

I previously instructed you as to the law applicable to violations of Section 1952(a)(3). Those instructions appear on page(s) ** of these instructions.

I previously instructed you as to certain of the unlawful activities identified in Racketeering Act 4(a) and 4(b). The relevant instructions as to bribery under 720 ILCS 5/33-1(d) and (e), appear on pages ** on these instructions. The relevant instructions as to official misconduct under 720 ILCS 5/33-3(a)(4) appear on page(s) ** of these instructions. The relevant instructions as to commercial bribe receiving under 720 ILCS 5/29A-2 appear on page(s) ** of these instructions.

Racketeering Act 4(a) and 4(b) also allege as an unlawful activity commercial bribery in violation of 720 ILCS 5/29A-1. A person commits commercial bribery when:

1. That persons confers, offers, or agrees to confer a benefit upon an employee; and

2. That person does so without the consent of the employer; and

3. That person does so with the intent to influence the employee's conduct in relation to his employer's affairs.

61

GOVERNMENT INSTRUCTION NO. 57
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

## COUNT ONE, RACKETEERING ACT 4(c)
## BRIBERY UNDER 720 ILLINOIS COMPILED STATUTES 5/33-1(d)

Racketeering Act 4(c) alleges that defendant Edward Burke committed the crime of bribery, in violation of 720 ILCS 5/33-1(d).

In order to find that Edward Burke violated 720 ILCS 5/33-1(d), the Illinois bribery statute, the government must prove each of the following propositions beyond a reasonable doubt:

1.      That Edward Burke received, retained, or agreed to accept any property from another; and

2.      That Edward Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58

720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

## COUNT ONE, RACKETEERING ACT 5

Racketeering Act 5 relates to defendant Edward Burke's alleged conduct concerning [Museum 1] in 2017.

There are two subparagraphs to Racketeering Act 5, which are identified as Racketeering Act 5(a) and 5(b). I will now explain the law applicable to these subparagraphs.

Racketeering Act 5(a) alleges that defendant Edward Burke committed the crime of attempted extortion, in violation of Title 18, United States Code, Sections 1951(a) and 2. I previously instructed you as to the general law applicable to violations of Section 1951(a). Those instructions appear on page(s) ** of these instructions.

Racketeering Act 5(b) alleges that defendant Edward Burke committed the crime of using an interstate facility in aid of unlawful activity, namely extortion, in violation of Title 18, United States Code, Section 1952(a)(3). I previously instructed you as to the general law applicable to violations of Section 1952(a)(3). Those instructions appear on page(s) ** of these instructions.

GOVERNMENT INSTRUCTION NO. 59

**COUNT ONE**
**DEFINITION OF "INTERSTATE COMMERCE"**

With respect to Count One, "interstate commerce" includes the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the City of Chicago made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of the City of Chicago affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the City of Chicago as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 60
Bauer Pattern Jury Instruction at p. 822 (18 U.S.C. § 1962(c)) (modified)

**<u>INSTRUCTIONS RELATING TO COUNTS TWO, ELEVEN AND TWELVE</u>**
**CORRUPTLY SOLICITING, DEMANDING, ACCEPTING AND OFFERING**
**THINGS OF VALUE IN VIOLATION OF 18 U.S.C. § 666**

**COUNT TWO**
**CORRUPTLY SOLICITING AND DEMANDING THINGS OF VALUE**
**UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B)—**
**ELEMENTS**

Count Two of the indictment charges defendant Edward Burke with corruptly soliciting and demanding things of value. In order for you to find defendant Edward Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant was an agent of a local government; and

2.      The defendant solicited or demanded a thing of value from another person; and

3.      The defendant did so corruptly, that is, with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties; and

4.      The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government; and

5.      This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.      The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Two .

GOVERNMENT INSTRUCTION NO. 61
Pattern Instructions (2022 Updates) at p. 6 (modified)

**COUNT ELEVEN**
**CORRUPTLY ACCEPTING AND AGREEING TO ACCEPT THINGS OF**
**VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B)**
**—ELEMENTS**

Count Eleven of the indictment charges defendant Edward Burke with corruptly accepting and agreeing to accept things of value. In order for you to find defendant Edward Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant was an agent of a local government; and

2.      The defendant accepted or agreed to accept a thing of value from another person; and

3.      The defendant did so corruptly, that is, with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties; and

4.      The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government; and

5.      This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.      The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Eleven.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Eleven.

GOVERNMENT INSTRUCTION NO. 62
Pattern Instructions (2022 Updates) at p. 6 (modified)

## COUNT TWELVE
## CORRUPTLY OFFERING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(2)——ELEMENTS

Count Twelve of the indictment charges defendant Charles Cui with corruptly offering or agreeing to give things of value. In order for you to find defendant Charles Cui guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant gave, offered, or agreed to give a thing of value to another person; and

2.     The defendant did so corruptly with the intent to influence or reward an agent of a local government, or any agency thereof, in connection with some business, transaction, or series of transactions of the government; and

3.     This business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

4.     That the City of Chicago, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of a government in connection with the agent's official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Twelve.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Twelve.

GOVERNMENT INSTRUCTION NO. 63
Pattern Instructions (2022 Updates) at p. 10 (modified)

**COUNTS TWO, ELEVEN, AND TWELVE**
**DEFINITION OF "AGENT"**

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.

[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]

GOVERNMENT § 666 INSTRUCTION NO. 64
Bauer Pattern Jury Instructions at p. 307 (modified) and Committee Comments; 18 U.S.C. § 666 (definition of agent); *United States v. Mullins*, 12 CR 596, Dkt. 152 at 35 (N.D. Ill.) (St. Eve, J.).

**COUNTS TWO, ELEVEN, AND TWELVE**
**DEFINITION OF "BONA FIDE COMPENSATION"**

[Bona fide fees or other compensation paid in the usual course of business, do not qualify as a thing of value solicited or demanded or given, offered, or agreed to be given by the defendant.]

GOVERNMENT INSTRUCTION NO. 65
Bauer Pattern Jury Instructions at p. 306 (modified)
**This bracketed instruction should be given at the conclusion of trial only if there is a sufficient basis in the record to support a finding that it applies as to a particular count. The Court should reserve the question of whether this instruction is appropriately given until the conclusion of the evidence.

74

**<u>INSTRUCTIONS RELATING TO COUNTS THREE, FOUR, SEVEN, EIGHT,</u>**
**<u>NINE, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, AND NINETEEN</u>**
**USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY**
**UNDER TITLE 18, SECTION 1952(a)(3)**

## COUNTS THREE, FOUR, SEVEN, EIGHT, NINE, THIRTEEN, FOURTEEN, FIFTEEN, SIXTEEN, AND NINETEEN
## USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY
## UNDER TITLE 18, SECTION 1952(a)(3)

Counts Three, Four, Seven, Eight, Nine, Thirteen, Fourteen, Fifteen, Sixteen, and Nineteen of the indictment charge the defendants with use of an interstate facility in aid of unlawful activity.

I previously instructed you as to the law applicable to violations of Section 1952(a)(3). Those instructions appear on page(s) ** of these instructions.

If you find from your consideration of all the evidence that, as to a particular defendant, the government has proved each of the elements listed on page ** beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that, as to a particular defendant, the government has failed to prove any one of the elements listed on page ** beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

I previously instructed you as to various types of unlawful activity. Those instructions appear on page(s) ** of these instructions.

With respect to Counts Thirteen, Fourteen, and Fifteen, a person commits the offense of bribery under 720 ILCS 5/33-1(e) when the following propositions are proven:

1. That defendant Edward Burke was a public officer or public employee; and

2.      That the person promised or tendered to defendant Edward Burke property; and

3.      That the person did so with the intent to influence the performance of any act related to defendant Edward Burke's employment or function as a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 66
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

**INSTRUCTIONS RELATING TO COUNTS FIVE AND EIGHTEEN**
**ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a)**

## COUNTS FIVE AND EIGHTEEN
## ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a)—
## ELEMENTS

Count Five of the indictment charges defendants Edward Burke and Peter Andrews with attempted extortion related to [Company B], and Count Eighteen of the indictment charges defendant Edward Burke with attempted extortion related to [Museum 1].

I previously instructed you as to the law applicable to this offense. Those instructions appear on page(s) ** of these instructions.

If you find from your consideration of all the evidence that the government has proved each of the elements listed on pages ** and ** beyond a reasonable doubt as to the charge and defendant you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of the elements listed on pages ** and ** beyond a reasonable doubt as to the charge and defendant you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 67
Bauer Pattern Instructions at 777 (modified)

**COUNTS FIVE AND EIGHTEEN**
**DEFINITION OF "PROPERTY"**

With respect to Count Five, "property" includes fees arising from [Company B's] retention of Edward Burke's law firm, Klafter & Burke.

With respect to Count Eighteen, "property" includes money and other employment compensation to be provided by [Museum 1] to [Individual E-1].

GOVERNMENT INSTRUCTION NO. 68
Bauer Pattern Instructions at 784

**COUNT SIX**
**EXTORTION CONSPIRACY UNDER TITLE 18, SECTION 1951(a)—**
**ELEMENTS**

Count Six of the indictment charges defendants Edward Burke and Peter Andrews with conspiracy to commit extortion.

I previously instructed you as to the law applicable to this offense. Those instructions appear on page(s) ** of these instructions.

If you find from your consideration of all the evidence that the government has proved each of the elements listed on page ** beyond a reasonable doubt, then you should find the defendant guilty of Count Six.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of the elements listed on page ** beyond a reasonable doubt, then you should find the defendant not guilty of Count Six.

GOVERNMENT INSTRUCTION NO. 69

**INSTRUCTIONS RELATING TO COUNTS TEN AND SEVENTEEN**
**FALSE STATEMENTS UNDER TITLE 18, SECTION 1001(a)(2)**

## COUNTS TEN AND SEVENTEEN
## FALSE STATEMENTS UNDER TITLE 18, SECTION 1001(a)(2)

Count Ten charges defendant Peter Andrews with making a false statement. Count Seventeen charges defendant Charles Cui with making a false or fraudulent statement. In order for you to find a defendant guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant made a statement; and

2. The statement was false or fraudulent; and

3. The statement was material; and

4. The defendant acted knowingly and willfully; and

5. The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 70
Bauer Pattern Instructions at p. 432

83

**COUNTS TEN AND SEVENTEEN**
**DEFINITION OF "FALSE"**

A statement is false if it was untrue when made.

GOVERNMENT INSTRUCTION NO. 71
Bauer Pattern Instructions at p. 437

**COUNTS TEN AND SEVENTEEN**
**DEFINITION OF "FRAUDULENT"**

A statement is fraudulent if it is made with intent to deceive.

GOVERNMENT INSTRUCTION NO. 72
Bauer Pattern Instructions at p. 438

**COUNTS TEN AND SEVENTEEN**
**DEFINITION OF "MATTER WITHIN THE JURISDICTION OF THE**
**EXECUTIVE BRANCH"**

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning potential violations of federal criminal law are within the jurisdiction of that branch.

GOVERNMENT INSTRUCTION NO. 73
Bauer Pattern Instructions at p. 441
*United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.).

## COUNTS TEN AND SEVENTEEN
## DEFINITION OF "MATERIAL"

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

A statement may be material even if FBI agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so.

GOVERNMENT INSTRUCTION NO. 74
Bauer Pattern Instructions at p. 439 (modified); *United States v. Thompson*, 842 F.3d 1002, 1008 (7th Cir. 2016) ("Thompson's lies were material because they had the obvious intention of misdirecting Agent Reynolds and his investigation."); *United States v. Lupton*, 620 F.3d 790, 806-07 (7th Cir. 2010) ("When statements are aimed at misdirecting agents and their investigation, even if they miss spectacularly or stand absolutely no chance of succeeding, they satisfy the materiality requirement of 18 U.S.C. § 1001."); *United States v. Zambrano*, No. 1:20-CR-00049, 2021 WL 6125872, at *8 (N.D. Ill. Dec. 28, 2021) (Chang, J.) (instructing jury that "[a] statement may be material even if the FBI or DHS-OIG agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so."); *United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.) (Seeger, J.) (similar instruction given for § 1001 count).

**COUNTS TEN AND SEVENTEEN**
**DEFINITION OF "WILLFULLY"**

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

GOVERNMENT INSTRUCTION NO. 75
Bauer Pattern Instructions at p. 440

## COUNTS TEN AND SEVENTEEN
## UNANIMITY

Count Ten charges defendant Peter Andrews with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. Count Seventeen charges defendant Charles Cui with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. The government is not required to prove that the defendant made every one of the false statements alleged in Count Ten and Count Seventeen. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Ten and in Count Seventeen in order to prove that particular count. To find that the government has proven this, you must agree unanimously on which particular false statement or statements the defendant made as to each count you are considering, as well as all of the other elements of the crime charged.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that defendant Peter Andrews made a false statement regarding hearing the name of [Individual B-1], and the rest of you were to find that the government has proved beyond a reasonable doubt that Peter Andrews made a false statement regarding whether he remembered dealing with [Individual B-1 and Individual B-2], then there would be no unanimous agreement on which false statement the government has proved as to Count Ten. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant Peter Andrews made a false statement regarding hearing the name of

[Individual B-1], then there would be a unanimous agreement on which false statement the government proved as to Count Ten.

GOVERNMENT INSTRUCTION NO. 76
Bauer Pattern Jury Instruction 4.04 (modified)

## AIDING AND ABETTING AN OFFENSE

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed.

In order for you to find a defendant guilty of Counts Three, Four, Five, Seven, Eight, Nine, Fifteen, Sixteen, or Nineteen on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1.    The crime charged in the count you are considering was committed.

2.    The defendant participated in the criminal activity and tried to make it succeed.

3.    The defendant did so knowingly.

GOVERNMENT INSTRUCTION NO. 77
Bauer Pattern Jury Instruction 5.06(a) (modified)

**JOINT VENTURE**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. 78
Bauer Pattern Jury Instruction 5.05

**PUNISHMENT**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 79
Bauer Pattern Jury Instruction 4.08

## JURY DELIBERATIONS

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Android, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 80
Bauer Pattern Jury Instruction 7.01 (modified)

## VERDICT FORMS

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

GOVERNMENT INSTRUCTION NO. 81
Bauer Pattern Jury Instruction 7.02 (modified)

## DELIBERATIONS

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 82
Bauer Pattern Jury Instruction 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

## <u>VERDICT FORM</u>
### Edward M. Burke

On **Count One** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Two** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Five** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty       ☐ Guilty

### <u>VERDICT FORM</u>
### Edward M. Burke (cont.)

On **Count Eight** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Nine** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Eleven** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Fifteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Sixteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Eighteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

On **Count Nineteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty  ☐ Guilty

**<u>VERDICT FORM</u>**
**Edward M. Burke (cont.)**

_____       _____

FOREPERSON

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

UNITED STATES OF AMERICA    )
                            )    No. 19 CR 322
        v.                  )
                            )    Judge Virginia M. Kendall
EDWARD M. BURKE,            )
PETER J. ANDREWS, and       )
CHARLES CUI                 )

## VERDICT FORM
### Peter J. Andrews

On **Count Five** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

On **Count Eight** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

On **Count Ten** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

**<u>VERDICT FORM</u>**
**Peter J. Andrews (cont.)**

_____          _____

FOREPERSON

_____          _____


_____          _____

_____          _____

_____          _____

_____          _____


_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

## <u>VERDICT FORM</u>
### Charles Cui

On **Count Twelve** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty ☐ Guilty

On **Count Thirteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty ☐ Guilty

On **Count Fourteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty ☐ Guilty

On **Count Fifteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty ☐ Guilty

On **Count Seventeen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty ☐ Guilty

**<u>VERDICT FORM</u>**
**Charles Cui (cont.)**

_____        _____

FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____


_____
Date