UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO ADMIT AUDIO AND VIDEO RECORDINGS THROUGH TESTIMONY OF LAW ENFORCEMENT**

The United States of America, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following reply in support of its motion *in limine* to admit consensually recorded in-person meetings involving Alderman Daniel Solis through FBI Special Agents at trial. R. 226.

Setting aside Burke's theatrical rhetoric, the parties agree that the Court can make a conditional finding that the 13 meeting recordings that the government seeks to introduce at trial are authentic under Federal Rule of Evidence 901(a). R. 245 at 5 ("defense counsel do not quarrel with the law in this circuit or the notion that a tape recording can, in some circumstances, be admitted without the testimony of the person who made the recording. . . ."). The government intends to lay the proper foundation through agent testimony. The Court thus can and should conditionally admit these 13 recordings now. To the extent any defendant raises any legitimate concerns as to authenticity at trial, the Court's conditional ruling can be revisited.

That said, Burke has no basis to challenge the authenticity of the Solis recordings. Indeed, Burke's claimed concerns about the Solis recordings are factually inaccurate. Burke falsely states that the government "seek[s] wholesale admission of unidentified tapes created by its unreliable cooperator." R. 245 at 2. Contrary to defendants' suggestion, the government's motion concerns only 13 recordings that Burke has had in discovery for years, the excerpts of which the government identified two months before trial. Specifically, on September 8, 2023—nearly three weeks before Burke filed its response on September 28, 2023—the government produced transcripts for 138 recordings that the government may move to admit at trial, which included transcripts of the Solis meetings as well as of various Title III recordings. The government has since added 11 additional recordings. In addition, the government tendered a list of the specific excerpt times for these recordings on September 25, 2023, also before Burke filed his response. Of those recordings, only 13 are in-person meetings recorded by Solis. There is no mystery here.

Despite the small number of recordings at issue, and the fact that Burke has had years to review these recordings, Burke points to no evidence that Solis' recordings are incomplete or have been tampered with. This is unsurprising, because the recordings are authentic, as discussed in the government's motion.

Burke also inaccurately states that the government "does not know when Solis may have turned off the recorder, raising questions about completeness and authenticity." R. 245 at 3. That is also demonstrably false. The context of each recording makes clear when the recorder was turned on and off. There is no evidence

2

that Solis started and stopped any of the audio or video recordings in the middle of a conversation. Had Solis done so, that would have been apparent in the clips from the change in the flow of conversation or from an abrupt stop and start in the conversation, for example. Furthermore, a new session was generated every time one of the recorders that Solis wore was turned off then on. Thus, any starts and stops would be reflected in separate session entries. There were no instances in which separate sessions were generated in this manner. Agents will testify that there is no indication that Solis started and stopped the recording during any of his meetings with Burke or others. The presumption of regularity plainly applies. The Court should conditionally find that the 13 recordings at issue are authentic under Rule 901(a).[1]

Finally, Burke is wrong that the government may offer some of Solis's statements for their truth. R. 245 at 4. The government has proposed a jury instruction specifying that "[t]he statements Mr. Solis made may not be considered as evidence that what he said is actually true." R. 270 at 14 (Government's Instruction No. 13). Moreover, the government's admission of Solis's recordings without calling Solis as a witness, in order to place defendants' words and conduct into context, is consistent with well-settled case law in the Seventh Circuit, as discussed in the Government's Motion *in Limine* Number 3. R. 256 at 14-19. There are simply no confrontation clause or Rule 806 concerns with admitting Solis's

---

[1] The fact that a small number of conversations were not recorded for various reasons has no bearing on whether the 13 recordings at issue are complete and authentic.

statements without Solis's testimony. *Id.*; *see also United States v. Jackson*, 940 F.3d 347, 352 (7th Cir. 2019); *United States v. Davis*, 890 F.2d 1373, 1379-80 (7th Cir. 1989); *United States v. Rollins*, 862 F.2d 1282, 1297 (7th Cir. 1988); *United States v. Lewis*, No. 07 CR 07, 2008 WL 5083131, at *5 (N.D. Ill. Nov. 25, 2008) (Kendall, J.), *aff'd*, 641 F.3d 773 (7th Cir. 2011).

Based on the foregoing, the government respectfully requests that this Court grant its motion *in limine* and conditionally admit the recordings described herein through an agent at trial based on the proffered showing of authenticity.

                              Respectfully submitted.

                              MORRIS PASQUAL
                              Acting United States Attorney

By:   /s/ *Sarah Streicker*
       AMARJEET BHACHU
       DIANE MacARTHUR
       SARAH STREICKER
       TIMOTHY CHAPMAN
       SUSHMA RAJU
       Assistant United States Attorneys
       219 South Dearborn Street, Fifth Floor
       Chicago, Illinois 60604
       (312) 353-5300