UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

**<u>JURY INSTRUCTIONS</u>**

## TABLE OF CONTENTS

GENERAL INSTRUCTIONS ............................................................................. 1

    Functions of Court and Jury............................................................... 2

    The Charges .......................................................................................... 3

    Presumption of Innocence/Burden of Proof....................................... 4

    The Evidence ......................................................................................... 5

    Considering the Evidence .................................................................... 6

    Direct and Circumstantial Evidence .................................................. 7

    Number of Witnesses ........................................................................... 8

    Defendant's Decision Not to Testify or Present Evidence................. 9

    Credibility of Witnesses .................................................................... 10

    Attorney Interviewing Witness ........................................................ 11

    Prior Inconsistent Statements.......................................................... 12

    Solis's Statements Not Offered for Their Truth .............................. 13

    Limiting Instruction for Other Statements Not Offered for Their Truth ...... 14

    Statement by Defendant.................................................................... 15

    Evidence of Other Acts by Defendant Burke ................................... 16

    Opinion Testimony............................................................................. 17

    Recorded Conversations/Transcripts ............................................... 18

    Demonstrative Summaries/Charts Not Received in Evidence........ 19

    Juror Note-Taking.............................................................................. 20

    Government Investigative Techniques .............................................. 21

    Dates of Crimes Charged .................................................................. 22

    Redactions .......................................................................................... 23

    Ethics Rules........................................................................................ 24

    Separate Consideration of Defendants ............................................ 25

    No Speculation as to Other Persons or Entities .............................. 26

    Activity and Association .................................................................... 27

    Separate Consideration of Charges .................................................. 28

COUNT ONE, RACKETEERING IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1962(c) ...................................................... 29

    Count One—Elements ....................................................................... 30

    Count One—"Interstate Commerce" ................................................ 31

    Count One—"Enterprise" .................................................................. 32

    Count One—"Associate"..................................................................... 33

    Count One—Knowingly ..................................................................... 34

    Count One—"Conduct or Participate in the Conduct of" ................ 35

    Count One—"Pattern of Racketeering Activity".............................. 36

    Count One—Subparts of Racketeering Acts.................................... 37

    Count One—Racketeering Activity ................................................... 38

    Count One—Official Action ............................................................... 39

    Count One, Racketeering Act 1—Post Office.................................... 40

Count One, Racketeering Act 2—Post Office ..................................................... 56
Count One, Racketeering Act 3—Burger King ................................................. 63
Count One, Racketeering Act 4—Pole Sign ..................................................... 109
Count One, Racketeering Act 5—Field Museum .............................................. 127

**COUNT TWO, CORRUPTLY SOLICITING AND DEMANDING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE, SECTION 666(a)(1)(B) ..................................................................................................... 142**

Count Two—Elements ........................................................................................ 143
Count Two—"Agent" .......................................................................................... 145
Count Two—Official Action ............................................................................... 146
Count Two—Bona Fide Compensation .............................................................. 147

**COUNT THREE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) ..................................................................................................... 148**

Count Three—Elements ..................................................................................... 149
Count Three—"Interstate Commerce" .............................................................. 150
Count Three—"Unlawful Activity" .................................................................... 151
Count Three—Official Action ............................................................................ 152
Count Three—Bribery ....................................................................................... 153
Count Three—Official Misconduct ................................................................... 154
Count Three—Commercial Bribe Receiving ..................................................... 155

**COUNT FOUR, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) ..................................................................................................... 156**

Count Four—Elements ....................................................................................... 157
Count Four—"Interstate Commerce" ................................................................ 158
Count Four—"Unlawful Activity" ...................................................................... 159
Count Four—Official Action .............................................................................. 160
Count Four—Bribery .......................................................................................... 161
Count Four—Official Misconduct ..................................................................... 162
Count Four—Commercial Bribe Receiving ....................................................... 163

**COUNT FIVE, ATTEMPTED EXTORTION UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a) ..................................................................... 164**

Count Five—Elements ........................................................................................ 165
Count Five—Knowingly ...................................................................................... 167
Count Five—Extortion "by Fear" ...................................................................... 168
Count Five—Extortion Under "Color of Official Right" ................................... 169
Count Five—Official Action ............................................................................... 170
Count Five—"Property" ..................................................................................... 171
Count Five—"Interstate Commerce" ................................................................. 172
Count Five—Aiding and Abetting ...................................................................... 173

**COUNT SIX, EXTORTION CONSPIRACY UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a)** ....................................................................... **174**

    Count Six—Elements ............................................................................ 175
    Count Six—"Conspiracy" ...................................................................... 176
    Count Six—Membership in Conspiracy ............................................... 177
    Count Six—Knowingly .......................................................................... 178

**COUNT SEVEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)** ................................................................................................. **179**

    Count Seven—Elements ......................................................................... 180
    Count Seven—Knowingly ...................................................................... 181
    Count Seven—"Interstate Commerce" .................................................. 182
    Count Seven—"Unlawful Activity" ...................................................... 183
    Count Seven—Official Action ............................................................... 184
    Count Seven—Extortion ........................................................................ 185
    Count Seven—Extortion "by Fear" ....................................................... 186
    Count Seven—Extortion Under "Color of Official Right" .................... 187
    Count Seven—"Property" ...................................................................... 188
    Count Seven—"Interstate Commerce" .................................................. 189
    Count Seven—Bribery ........................................................................... 190
    Count Seven—Official Misconduct ....................................................... 191
    Count Seven—Commercial Bribe Receiving ........................................ 192
    Count Seven—Aiding and Abetting ...................................................... 193

**COUNT EIGHT, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)** ................................................................................................. **194**

    Count Eight—Elements .......................................................................... 195
    Count Eight—Knowingly ....................................................................... 196
    Count Eight—"Interstate Commerce" ................................................... 197
    Count Eight—"Unlawful Activity" ....................................................... 198
    Count Eight—Official Action ................................................................ 199
    Count Eight—Extortion ......................................................................... 200
    Count Eight—Extortion "by Fear" ........................................................ 201
    Count Eight—Extortion Under "Color of Official Right" ..................... 202
    Count Eight—"Property" ....................................................................... 203
    Count Eight—"Interstate Commerce" ................................................... 204
    Count Eight—Bribery ............................................................................ 205
    Count Eight—Official Misconduct ........................................................ 206
    Count Eight—Commercial Bribe Receiving ......................................... 207
    Count Eight—Aiding and Abetting ....................................................... 208

**COUNT NINE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)** ................................................................................................................ 209

    Count Nine—Elements ................................................................................ 210

    Count Nine—"Interstate Commerce" ......................................................... 211

    Count Nine—"Unlawful Activity" ............................................................. 212

    Count Nine—Official Action ...................................................................... 213

    Count Nine—Extortion ............................................................................... 214

    Count Nine—Knowingly ............................................................................ 215

    Count Nine—Extortion "by Fear" .............................................................. 216

    Count Nine—Extortion Under "Color of Official Right" ........................... 217

    Count Nine—"Property" ............................................................................. 218

    Count Nine—"Interstate Commerce" ......................................................... 219

    Count Nine—Bribery .................................................................................. 220

    Count Nine—Official Misconduct ............................................................. 221

    Count Nine—Commercial Bribe Receiving ............................................... 222

**COUNT TEN, FALSE STATEMENTS UNDER TITLE 18, UNITED STATES CODE, SECTION 1001(a)(2)** ...................................................................... 223

    Count Ten—Elements ................................................................................. 224

    Count Ten—"False" .................................................................................... 225

    Count Ten—"Fraudulent" ........................................................................... 226

    Count Ten—"Matter Within the Jurisdiction of the Executive Branch" ...... 227

    Count Ten—"Material" ............................................................................... 228

    Count Ten—Knowingly .............................................................................. 229

    Count Ten—Willfully ................................................................................. 230

    Count Ten—Unanimity ............................................................................... 231

**COUNT ELEVEN, CORRUPTLY ACCEPTING AND AGREEING TO ACCEPT THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE, SECTION 666(a)(1)(B)** ............................................................................ 232

    Count Eleven—Elements ............................................................................ 233

    Count Eleven—"Agent" ............................................................................. 235

    Count Eleven—Official Action .................................................................. 236

    Count Eleven—Bona Fide Compensation .................................................. 237

**COUNT TWELVE, CORRUPTLY OFFERING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE, SECTION 666(a)(2)** ............................... 238

    Count Twelve—Elements ........................................................................... 239

    Count Twelve—"Agent" ............................................................................ 241

    Count Twelve—Official Action .................................................................. 242

    Count Twelve—Bona Fide Compensation ................................................. 243

## COUNT THIRTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) .................................................................. 244

Count Thirteen—Elements.................................................. 245
Count Thirteen—Knowingly ............................................. 246
Count Thirteen—"Interstate Commerce" ....................... 247
Count Thirteen—"Unlawful Activity" ............................ 248
Count Thirteen—Official Action...................................... 249
Count Thirteen—Bribery .................................................. 250
Count Thirteen—Bribery .................................................. 251
Count Thirteen—Bribery .................................................. 252
Count Thirteen—Official Misconduct ............................ 253
Count Thirteen—Commercial Bribery............................ 254
Count Thirteen—Commercial Bribe Receiving ............. 255

## COUNT FOURTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) .................................................................. 256

Count Fourteen—Elements................................................ 257
Count Fourteen—Knowingly ............................................ 258
Count Fourteen—"Interstate Commerce".......................  259
Count Fourteen—Unlawful Activity ............................... 260
Count Fourteen—Official Action...................................... 261
Count Fourteen—Bribery .................................................. 262
Count Fourteen—Bribery .................................................. 263
Count Fourteen—Bribery .................................................. 264
Count Fourteen—Official Misconduct............................. 265
Count Fourteen—Commercial Bribery ............................ 266
Count Fourteen—Commercial Bribe Receiving............... 267

## COUNT FIFTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) .................................................................. 268

Count Fifteen—Elements ................................................... 269
Count Fifteen—Knowingly ............................................... 270
Count Fifteen—"Interstate Commerce" .......................... 271
Count Fifteen—"Unlawful Activity".............................. 272
Count Fifteen—Official Action......................................... 273
Count Fifteen—Bribery ..................................................... 274
Count Fifteen—Bribery ..................................................... 275
Count Fifteen—Bribery ..................................................... 276
Count Fifteen—Official Misconduct................................ 277
Count Fifteen—Commercial Bribery ............................... 278
Count Fifteen—Commercial Bribe Receiving................. 279

Count Fifteen—Aiding and Abetting ............................................................ 280

**COUNT SIXTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) ........................................................................ 281**

Count Sixteen—Elements.......................................................................... 282
Count Sixteen—"Interstate Commerce" ..................................................... 283
Count Sixteen —Unlawful Activity ............................................................ 284
Count Sixteen—Official Action.................................................................. 285
Count Sixteen—Bribery............................................................................. 286
Count Sixteen—Bribery............................................................................. 287
Count Sixteen—Bribery............................................................................. 288
Count Sixteen—Official Misconduct .......................................................... 289
Count Sixteen—Commercial Bribe Receiving ............................................. 290

**COUNT SEVENTEEN, FALSE STATEMENTS UNDER TITLE 18, UNITED STATES CODE, SECTION 1001(a)(2) ............................................ 291**

Count Seventeen—Elements...................................................................... 292
Count Seventeen—"False".......................................................................... 293
Count Seventeen—"Fraudulent" ................................................................. 294
Count Seventeen—"Matter Within the Jurisdiction of the Executive Branch" ........................................................................................................ 295
Count Seventeen—"Material"..................................................................... 296
Count Seventeen—Knowingly.................................................................... 297
Count Seventeen—Willfully ...................................................................... 298
Count Seventeen—Unanimity .................................................................... 299

**COUNT EIGHTEEN, ATTEMPTED EXTORTION UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a) .................................... 300**

Count Eighteen—Elements........................................................................ 301
Count Eighteen—Knowingly...................................................................... 302
Count Eighteen—Extortion "by Fear"......................................................... 303
Count Eighteen—Eighteen Under "Color of Official Right" ......................... 304
Count Eighteen—Official Action ............................................................... 305
Count Eighteen—"Property" ...................................................................... 306
Count Eighteen—"Interstate Commerce" .................................................... 307

**COUNT NINETEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3) ........................................................................ 308**

Count Nineteen—Elements........................................................................ 309
Count Nineteen—"Interstate Commerce"..................................................... 310
Count Nineteen—"Unlawful Activity" ......................................................... 311
Count Nineteen—Extortion ....................................................................... 312
Count Nineteen—Knowingly...................................................................... 313

Count Nineteen—Extortion "by Fear" ............................................................ 314
Count Nineteen—Extortion Under "Color of Official Right" ...................... 315
Count Nineteen—Official Action ................................................................... 316
Count Nineteen—"Property" ........................................................................ 317
Count Nineteen—"Interstate Commerce" ..................................................... 318

**FINAL INSTRUCTIONS ........................................................................ 319**

Dual Employment ........................................................................................ 320
Joint Venture .............................................................................................. 321
Punishment ................................................................................................. 322
Deliberations .............................................................................................. 323
Verdict Forms ............................................................................................. 325
Verdict ....................................................................................................... 326

**GENERAL INSTRUCTIONS**

## Functions of Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## **The Charges**

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants committed the following crimes:

Edward Burke is charged with racketeering, corruptly soliciting, demanding, accepting, or agreeing to accept things of value, use of an interstate facility to promote unlawful activity, attempted extortion, and conspiracy to commit extortion.

Peter Andrews is charged with attempted extortion, conspiracy to commit extortion, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

Charles Cui is charged with corruptly offering or agreeing to give things of value, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

## Presumption of Innocence/Burden of Proof

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

## **The Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

## **Considering the Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

**Direct and Circumstantial Evidence**

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

## **Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

## **Defendant's Decision Not to Testify or Present Evidence**

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

## **Credibility of Witnesses**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

## **Attorney Interviewing Witness**

It is proper for an attorney to interview any witness in preparation for trial.

## **Prior Inconsistent Statements**

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

## **Solis's Statements Not Offered for Their Truth**

You have heard recordings that included statements made by Daniel Solis during his cooperation with the government. The statements Solis made in these recordings may not be considered as evidence that what he said is actually true. You can consider Solis's statements in these recordings only to place in context and help you understand the conversations and the statements made by others in these recordings.

**<u>Limiting Instruction for Other Statements Not Offered for Their Truth</u>**

At various times during this case, evidence has been admitted only for a limited purpose, or only admitted against one or more defendants and not another.

When evidence was admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

When evidence was admitted only against one or more defendants, you must not consider that evidence against the excluded defendant(s).

### <u>Statement by Defendant</u>

You have heard testimony and received evidence that defendant Andrews and defendant Cui each made statements to agents from the Federal Bureau of Investigation. You must decide how much weight to give to each statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which each statement may have been made.

You may not consider the statement of defendant Andrews or defendant Cui to the Federal Bureau of Investigation as evidence against any other defendant.

## Evidence of Other Acts by Defendant Burke

You have heard evidence of other acts by defendant Burke other than the ones charged in the indictment. This evidence may be considered against defendant Burke alone, and for limited purposes only.

Before using this evidence, you must decide whether it is more likely than not that defendant Burke took the other, uncharged actions. If you decide that he did, then you may consider the evidence to help you decide particular issues, such as motive, intent, *modus operandi*, and absence of mistake or accident.

You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because defendant Burke committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that defendant Burke is not on trial for these other acts. Rather, he is only on trial for the acts charged in the indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

This evidence was admitted against defendant Burke alone. You are not to consider this evidence against defendants Andrews or Cui.

## Opinion Testimony

You have heard from Constance Mixon, who gave opinions and testimony about the structure of the City of Chicago's government, including the operation of the Chicago City Council.

You have also heard from Kevin Kulbacki, a forensic document examiner who gave opinions and testimony about handwriting analysis as to certain documents in the record.

You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.

## Recorded Conversations/Transcripts

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

Some recordings have been redacted, and the transcripts reflect non-pertinent conversation where those portions were redacted. You should not speculate about those portions of the conversation.

**Demonstrative Summaries/Charts Not Received in Evidence**

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations.

## Juror Note-Taking

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## Government Investigative Techniques

You have heard evidence obtained from the government's use of surreptitiously recorded phone calls, meetings, and interviews; cooperating individuals who concealed their cooperation; ruses; and deceptive investigative techniques designed to gather evidence. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

## **Dates of Crimes Charged**

The indictment charges that the crimes happened "on or about" certain dates or "in or around" certain months. The government must prove that the crimes happened reasonably close to the dates and months alleged. The government is not required to prove that the crimes happened on those exact dates or months.

## <u>Redactions</u>

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

## **Ethics Rules**

You have heard evidence concerning the Chicago ethics ordinance. Violation of this ordinance is not a crime, however this evidence was admitted for the limited purpose of informing you whether certain conduct charged against defendant Burke was authorized by law for purposes of the Illinois bribery statutes. The Chicago ethics ordinance is not to be considered by you in any way as to defendant Andrews or defendant Cui.

## Separate Consideration of Defendants

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

## **No Speculation as to Other Persons or Entities**

You should not speculate as to why any other person or company whose name you may have heard during the trial or who is referenced in the indictment is not currently on trial before you.

### Activity and Association

If a defendant performed acts that advanced an alleged crime but had no knowledge that an alleged crime was committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons allegedly involved in a crime is not sufficient by itself to prove his membership in a criminal scheme.

## **Separate Consideration of Charges**

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

**COUNT ONE, RACKETEERING IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1962(c)**

**Count One—Elements**

Count One of the indictment charges defendant Burke with racketeering. In order for you to find defendant Burke guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      That the City of Chicago was an enterprise; and

2.      That defendant Burke was employed by or associated with the enterprise; and

3.      That defendant Burke knowingly conducted or participated in the conduct of the affairs of the City of Chicago through a pattern of racketeering activity as described in Count One; and

4.      That the activities of the City of Chicago affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find defendant Burke guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find defendant Burke not guilty of Count One.

## <u>Count One—"Interstate Commerce"</u>

With respect to Count One, "interstate commerce" includes the movement of money, goods, services, or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the City of Chicago made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of the City of Chicago affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the City of Chicago as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

### <u>Count One—"Enterprise"</u>

The term "enterprise" includes a municipal corporation.

### Count One—"Associate"

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

### **Count One—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

### Count One—"Conduct or Participate in the Conduct of"

A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts involved in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

## Count One—"Pattern of Racketeering Activity"

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant committed at least two racketeering acts described in Count One, and that those acts were in some way related to each other and that there was continuity between them, and that they were separate acts.

Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the acts described in Count One were committed, but you must unanimously agree as to which two or more racketeering acts the defendant committed or caused to be committed in order to find the defendant guilty of that count.

## Count One—Subparts of Racketeering Acts

Each of the racketeering acts described in paragraph 84 of Count One is numbered and consists of multiple offenses set out in separate, lettered subparagraphs, namely, Racketeering Act 1, subparagraphs (a), (b), (c), and (d), Racketeering Act 2, subparagraphs (a) and (b), Racketeering Act 3, subparagraphs (a), (b), (c), (d), (e), (f), and (g), Racketeering Act 4, subparagraphs (a), (b), and (c), and Racketeering Act 5, subparagraphs (a) and (b).

In addition, many of these subparagraphs allege multiple distinct crimes within a single subparagraph. To find that that a defendant committed a particular "racketeering act" that is made up of multiple subparagraphs, it is sufficient if the government proves beyond a reasonable doubt that the defendant committed at least one of the offenses identified in at least one of the subparagraphs of that racketeering act. However, you must unanimously agree upon: (i) which subparagraph within a racketeering act the defendant committed; and (ii) as to subparagraphs which allege multiple different statutory violations within a single subparagraph which of the statutory violations within the subparagraph the defendant committed.

## Count One—Racketeering Activity

The law defines "racketeering activity" to include the following:

A. Any act involving bribery under the following provisions of Illinois state law:

    (1)    720 Illinois Compiled Statutes 5/33-1(a) (bribery).

    (2)    720 Illinois Compiled Statutes 5/33-1(d) (bribery).

    (3)    720 Illinois Compiled Statutes 5/33-1(e) (bribery).

    (4)    720 Illinois Compiled Statutes 5/33-1(e) and 5/8-4 (attempted bribery).

    (5)    720 Illinois Compiled Statutes 5/33-3(a)(4) (official misconduct).

    (6)    720 Illinois Compiled Statutes 5/29A-1 (commercial bribery).

    (7)    720 Illinois Compiled Statutes 5/29A-2 (commercial bribe receiving).

Illinois Compiled Statutes are referred to in short form as "ILCS."

B. Any act which constitutes a violation of any of the following provisions of Title 18 of the United States Code:

    (1)  Section 1951(a) (attempted extortion and conspiracy to commit extortion).

    (2)  Section 1952(a)(3) (use of an interstate facility in aid of unlawful activity).

I will describe these statutes in a few moments. Any violation of any of these statutes may constitute a distinct act of "racketeering activity."

## Count One—Official Action

With regard to Count One, an act is an "official action," is "an act or function of a public officer or public employee," is "related to the employment or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## Count One, Racketeering Act 1—Post Office

Racketeering Act 1 relates to defendant Burke's alleged conduct concerning the Post Office project from in or around August 2016 continuing to on or about January 18, 2018.

There are four subparagraphs to Racketeering Act 1, which are identified as Racketeering Acts 1(a) through 1(d). I will now explain the law applicable to these subparagraphs.

-

## Count One, Racketeering Act 1(a)
### Attempted Bribery Under 720 ILCS 5/33-1(e) and 5/8-4

Racketeering Act 1(a) alleges defendant Burke committed the offense of attempted bribery.

A person commits the offense of bribery under 720 Illinois Compiled Statutes ("ILCS") 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

The term "public officer" under Illinois law is a person who is elected to office pursuant to statute to discharge a public duty for any political subdivision of the State of Illinois.

The term "public employee" under Illinois law is a person who is authorized to perform an official function on behalf of, and is paid by, any political subdivision of the State.

A person commits the offense of attempt under Illinois law, 720 ILCS 5/8-4, when he, with the intent to commit the offense, does any act which constitutes a substantial step toward the commission of the offense. The offense attempted need not have been committed. Therefore, in order to find that defendant Burke committed the offense of attempted bribery as alleged in Racketeering Act 1(a), the government must prove each of the following propositions beyond a reasonable doubt:

41

1.     That defendant Burke performed an act which constituted a substantial step toward the commission of the offense of bribery, as described above; and

2.     That defendant Burke did so with the intent to commit the offense of bribery.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 1(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 1(a).

### Count One, Racketeering Act 1(b)
### Official Misconduct Under 720 ILCS 5/33-3(a)(4)

Racketeering Act 1(b) alleges defendant Burke committed the offense of official misconduct.

In order to find that defendant Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke was a public officer or public employee; and

2.      When in his official capacity, defendant Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 1(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 1(b).

## Count One, Racketeering Act 1(c)
## Use of an Interstate Facility to Aid Unlawful Activity Under Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 1(c) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 1(c), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 1(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 1(c).

44

## Count One, Racketeering Act 1(c)
### "Interstate Commerce"

With regard to Racketeering Act 1(c), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

**Count One, Racketeering Act 1(c)**
**"Unlawful Activity"**

In Racketeering Act 1(c), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 1(c), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 1(c). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## **Count One, Racketeering Act 1(c)**
### **Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1. The person solicits, receives, retains, or agrees to accept property from another; and

2. The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count One, Racketeering Act 1(c)
## Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.      The person was a public officer or public employee; and

2.      When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 1(c)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee or agent of the City of Chicago; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.      The person does so without the consent of his employer or principal.

## Count One, Racketeering Act 1(d)
## Use of an Interstate Facility to Aid Unlawful Activity Under Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 1(d) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 1(d), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 1(d).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 1(d).

## Count One, Racketeering Act 1(d)
### "Interstate Commerce"

With regard to Racketeering Act 1(d), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

### Count One, Racketeering Act 1(d)
### "Unlawful Activity"

In Racketeering Act 1(d), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 1(d), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 1(d). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

**<u>Count One, Racketeering Act 1(d)</u>**
**Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.  The person solicits, receives, retains, or agrees to accept property from another; and

2.  The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## <u>Count One, Racketeering Act 1(d)</u>
## Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 1(d)
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee or agent of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

### Count One, Racketeering Act 2—Post Office

Racketeering Act 2 relates to defendant Burke's alleged conduct concerning the Post Office project in or around August 2018.

There are two subparagraphs to Racketeering Act 2, which are identified as Racketeering Acts 2(a) and 2(b). I will now explain the law applicable to these subparagraphs.

## Count One, Racketeering Act 2(a)
## Use of an Interstate Facility to Aid Unlawful Activity Under Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 2(a) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 2(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 2(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 2(a).

## Count One, Racketeering Act 2(a)
### "Interstate Commerce"

With regard to Racketeering Act 2(a), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count One, Racketeering Act 2(a)
### "Unlawful Activity"

In Racketeering Act 2(a), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (2) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 2(a), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 2(a). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count One, Racketeering Act 2(a)
### Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.      The person was a public officer or public employee; and

2.      When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 2(a)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee or agent of the City of Chicago; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.     The person does so without the consent of his employer or principal.

## Count One, Racketeering Act 2(b)
## Official Misconduct Under 720 ILCS 5/33-3(a)(4)

Racketeering Act 2(b) alleges defendant Burke committed the offense of official misconduct. In order to find that defendant Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1. That defendant Burke was a public officer or public employee; and

2. When in his official capacity, defendant Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 2(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 2(b).

## **Count One, Racketeering Act 3—Burger King**

Racketeering Act 3 relates to defendant Burke's alleged conduct concerning the Burger King remodeling project in 2017 and 2018.

There are seven subparagraphs to Racketeering Act 3, which are identified as Racketeering Acts 3(a) through 3(g). I will now explain the law applicable to these subparagraphs.

### Count One, Racketeering Act 3(a)
**Attempted Extortion**

Racketeering Act 3(a) alleges that defendant Burke committed the offense of attempted extortion, in violation of Title 18, United States Code, Section 1951(a). A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following propositions beyond a reasonable doubt:

1.    That the defendant knowingly attempted to obtain money or property from Tri City Foods or its affiliate;

2.    That the defendant attempted to do so by means of extortion by fear or under color of official right;

3.    That the defendant believed that Tri City Foods or its affiliate would have parted with the money or property because of the extortion; and

4.    That the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a

reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(a).

## Count One, Racketeering Act 3(a)
### Extortion "by Fear"

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 3(a)
### Extortion Under "Color of Official Right"

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## **Count One, Racketeering Act 3(a)**
### **"Property"**

With respect to Count One, Racketeering Act 3(a), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

**Count One, Racketeering Act 3(a)**
**"Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## **Count One, Racketeering Act 3(b)**
### **Extortion Conspiracy**

Racketeering Act 3(b) alleges that defendant Burke committed the crime of conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951(a). The government must prove each of the following propositions beyond a reasonable doubt:

1.  The conspiracy as charged existed; and

2.  The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(b).

## **Count One, Racketeering Act 3(b)**
### **"Conspiracy"**

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

**Count One, Racketeering Act 3(b)**
**Membership in Conspiracy**

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

## Count One, Racketeering Act 3(c)
### Attempted Bribery Under 720 ILCS 5/33-1(e) and 5/8-4

Racketeering Act 3(c) alleges that defendant Burke committed the offense of attempted bribery, in violation of 720 ILCS 5/33-1(e), and 720 ILCS 5/8-4.

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

The term "public officer" under Illinois law is a person who is elected to office pursuant to statute to discharge a public duty for any political subdivision of the State of Illinois.

The term "public employee" under Illinois law is a person who is authorized to perform an official function on behalf of, and is paid by, any political subdivision of the State.

A person commits the offense of attempt under Illinois law under 720 ILCS 5/8-4, when he, with the intent to commit the offense, does any act which constitutes a substantial step toward the commission of the offense. The offense attempted need not have been committed. Therefore, in order to find that defendant Burke committed the offense of attempted bribery as alleged in Racketeering Act 3(c), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke performed an act which constituted a substantial step toward the commission of the offense of bribery, as described above; and

2.      That defendant Burke did so with the intent to commit the offense of bribery.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(c).

## Count One, Racketeering Act 3(d)
## Official Misconduct Under 720 ILCS 5/33-3(a)(4)

Racketeering Act 3(d) alleges that defendant Burke committed the crime of official misconduct, in violation of 720 ILCS 5/33-3(a)(4).

In order to find that defendant Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke was a public officer or public employee; and

2.      When in his official capacity, defendant Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(d).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(d).

### Count One, Racketeering Act 3(e)
### Use of an Interstate Facility to Aid Unlawful Activity Under
### Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 3(e) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(e), the government must prove each of the following propositions beyond a reasonable doubt:

1. That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2. That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3. Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(e).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(e).

## Count One, Racketeering Act 3(e)
### "Interstate Commerce"

With regard to Racketeering Act 3(e), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count One, Racketeering Act 3(e)
### "Unlawful Activity"

In Racketeering Act 3(e), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(e), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(e). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count One, Racketeering Act 3(e)
### Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1. The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2. The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3. Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4. The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5. The conduct of the defendant affected interstate commerce.

**<u>Count One, Racketeering Act 3(e)</u>**
**Extortion "by Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 3(e)
## Extortion Under "Color of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

81

## Count One, Racketeering Act 3(e)
### "Property"

With respect to Count One, Racketeering Act 3(e), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## Count One, Racketeering Act 3(e)
### "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## Count One, Racketeering Act 3(e)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count One, Racketeering Act 3(e)
### Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1. The person was a public officer or public employee; and

2. When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 3(e)
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee or agent of the City of Chicago; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.      The person does so without the consent of his employer or principal.

<u>**Count One, Racketeering Act 3(f)**</u>
**Use of an Interstate Facility to Aid Unlawful Activity Under**
**Title 18, United States Code, Section 1952(a)(3)**

Racketeering Act 3(f) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(f), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(f).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(f).

## Count One, Racketeering Act 3(f)
### "Interstate Commerce"

With regard to Racketeering Act 3(f), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count One, Racketeering Act 3(f)
### "Unlawful Activity"

In Racketeering Act 3(f), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(f), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(f). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count One, Racketeering Act 3(f)
### Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

**Count One, Racketeering Act 3(f)**
**Extortion "by Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 3(f)
## Extortion Under "Color of Official Right"

Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## Count One, Racketeering Act 3(f)
### "Property"

With respect to Count One, Racketeering Act 3(f), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## Count One, Racketeering Act 3(f)
### "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## Count One, Racketeering Act 3(f)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count One, Racketeering Act 3(f)
### Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1. The person was a public officer or public employee; and

2. When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## <u>Count One, Racketeering Act 3(f)</u>
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

### Count One, Racketeering Act 3(g)
### Use of an Interstate Facility to Aid Unlawful Activity Under
### Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 3(g) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(g), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 3(g).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 3(g).

### Count One, Racketeering Act 3(g)
### "Interstate Commerce"

With regard to Racketeering Act 3(g), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

### Count One, Racketeering Act 3(g)
### "Unlawful Activity"

In Racketeering Act 3(g), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(g), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(g). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## **Count One, Racketeering Act 3(g)**
### **Extortion**

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.    The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.    The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.    Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.    The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.    The conduct of the defendant affected interstate commerce.

## **Count One, Racketeering Act 3(g)**
### **Extortion "by Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 3(g)
### Extortion Under "Color of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## Count One, Racketeering Act 3(g)
### "Property"

With respect to Count One, Racketeering Act 3(g), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## Count One, Racketeering Act 3(g)
### "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

### Count One, Racketeering Act 3(g)
**Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## **Count One, Racketeering Act 3(g)**
### **Official Misconduct**

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1. The person was a public officer or public employee; and

2. When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 3(g)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

## Count One, Racketeering Act 4—Pole Sign

Racketeering Act 4 relates to defendant Burke's alleged conduct concerning the pole sign permit for defendant Cui's property in 2017.

There are three subparagraphs to Racketeering Act 4, which are identified as Racketeering Acts 4(a) through 4(c). I will now explain the law applicable to these subparagraphs.

## Count One, Racketeering Act 4(a)
## Use of an Interstate Facility to Aid Unlawful Activity Under Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 4(a) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 4(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.    That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.    That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.    Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 4(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 4(a).

## Count One, Racketeering Act 4(a)
### "Interstate Commerce"

With regard to Racketeering Act 4(a), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count One, Racketeering Act 4(a)
### "Unlawful Activity"

In Racketeering Act 4(a), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(d) and 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 4(a), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 4(a). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count One, Racketeering Act 4(a)
### Bribery Under 720 ILCS 5/33-1(d)

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1.    The person received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.    The person knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

## Count One, Racketeering Act 4(a)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count One, Racketeering Act 4(a)
### Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.      The person was a public officer or public employee; and

2.      When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 4(a)
## Commercial Bribery

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1. That person confers, offers, or agrees to confer a benefit upon an employee or agent of the City of Chicago; and

2. That person does so without the consent of the employer or principal; and

3. That person does so with the intent to influence the employee's or agent's conduct in relation to his employer's or principal's affairs.

## Count One, Racketeering Act 4(a)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee or agent of the city of Chicago; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.     The person does so without the consent of his employer or principal.

117

## Count One, Racketeering Act 4(b)
## Use of an Interstate Facility to Aid Unlawful Activity Under Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 4(b) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 4(b), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 4(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 4(b).

118

## Count One, Racketeering Act 4(b)
### "Interstate Commerce"

With regard to Racketeering Act 4(b), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

### Count One, Racketeering Act 4(b)
### "Unlawful Activity"

In Racketeering Act 4(b), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(d) and 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 4(b), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 4(b). However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count One, Racketeering Act 4(b)
### Bribery

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1.     The person received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.     The person knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

## Count One, Racketeering Act 4(b)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count One, Racketeering Act 4(b)
### Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count One, Racketeering Act 4(b)
### Commercial Bribery

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.     That person confers, offers, or agrees to confer a benefit upon an employee or agent of the City of Chicago; and

2.     That person does so without the consent of the employer or principal; and

3.     That person does so with the intent to influence the employee's or agent's conduct in relation to his employer's or principal's affairs.

## Count One, Racketeering Act 4(b)
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee or agent of the City of Chicago; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.      The person does so without the consent of his employer or principal.

### Count One, Racketeering Act 4(c)
### Bribery Under 720 ILCS 5/33-1(d)

Racketeering Act 4(c) alleges that defendant Burke committed the crime of bribery, in violation of 720 ILCS 5/33-1(d).

In order to find that defendant Burke violated 720 ILCS 5/33-1(d), the Illinois bribery statute, the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Burke received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.     That defendant Burke knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 4(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 4(c).

## Count One, Racketeering Act 5—Field Museum

Racketeering Act 5 relates to defendant Burke's alleged conduct concerning the Field Museum in 2017.

There are two subparagraphs to Racketeering Act 5, which are identified as Racketeering Acts 5(a) and 5(b). I will now explain the law applicable to these subparagraphs.

## Count One, Racketeering Act 5(a)
### Attempted Extortion

Racketeering Act 5(a) alleges that defendant Burke committed the offense of attempted extortion, in violation of Title 18, United States Code, Section 1951(a). A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following propositions beyond a reasonable doubt:

1. That the defendant knowingly attempted to obtain money or property from the Field Museum;

2. That the defendant attempted to do so by means of extortion by fear or under color of official right;

3. That the defendant believed that the Field Museum would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 5(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a

reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 5(a).

## Count One, Racketeering Act 5(a)
### Extortion "by Fear"

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 5(a)
## Extortion Under "Color of Official Right"

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## **Count One, Racketeering Act 5(a)**
### **"Property"**

With respect to Count One, Racketeering Act 5(a), "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

.

## Count One, Racketeering Act 5(a)
### "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## Count One, Racketeering Act 5(b)
## Use of an Interstate Facility to Aid Unlawful Activity Under
## Title 18, United States Code, Section 1952(a)(3)

Racketeering Act 5(b) alleges defendant Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 5(b), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Burke committed Racketeering Act 5(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Burke did not commit Racketeering Act 5(b).

## Count One, Racketeering Act 5(b)
### "Interstate Commerce"

With regard to Racketeering Act 5(b), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count One, Racketeering Act 5(b)
### "Unlawful Activity"

In Racketeering Act 5(b), the government has alleged that a single telephone call was intended to promote "unlawful activities," namely extortion, in violation of Title 18, United States Code, Section 1951(a). With respect to Racketeering Act 5(b), the government is not required to prove that the unlawful activity was actually committed.

### Count One, Racketeering Act 5(b)
**Extortion**

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from the Field Museum; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     The Field Museum consented to part with the money or property because of the extortion; and

4.     The defendant believed that the Field Museum parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

## Count One, Racketeering Act 5(b)
### Extortion "by Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

## Count One, Racketeering Act 5(b)
### Extortion Under "Color of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## **Count One, Racketeering Act 5(b)**
### **"Property"**

With respect to Count One, Racketeering Act 5(b), "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

## Count One, Racketeering Act 5(b)
### "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

**COUNT TWO, CORRUPTLY SOLICITING AND DEMANDING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE, SECTION 666(a)(1)(B)**

### Count Two—Elements

Count Two of the indictment charges defendant Burke with corruptly soliciting and demanding things of value. In order for you to find defendant Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant was an agent of a local government; and

2.    The defendant solicited or demanded a thing of value from another person; and

3.    The defendant did so corruptly, that is, with the understanding that something of value was to be offered or given to reward or influence him in connection with his official duties; and

4.    The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the government; namely, approvals from the City of Chicago Water Department, a Class L designation, and tax increment financing in connection with the Post Office project; and

5.    This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.    The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

### Count Two—"Agent"

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

## Count Two—Official Action

With regard to Count Two, an act is "in connection with some business, transaction, or series of transactions" if it is a formal exercise of governmental power on behalf of the City of Chicago. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## Count Two—Bona Fide Compensation

Bona fide fees or other compensation paid in the usual course of business do not qualify as a thing of value solicited or demanded, given, offered, or agreed to be given by the defendant.

**COUNT THREE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

**Count Three—Elements**

Count Three of the indictment charges defendant Burke with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

## **Count Three—"Interstate Commerce"**

With regard to Count Three, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## **Count Three—"Unlawful Activity"**

In Count Three, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Three, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Three. However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count Three—Official Action

With regard to Count Three, an act is "an act or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

### Count Three—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## **Count Three—Official Misconduct**

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count Three—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee or agent of the City of Chicago; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.     The person does so without the consent of his employer or principal.

**COUNT FOUR, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

## Count Four—Elements

Count Four of the indictment charges defendant Burke with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Four.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Four.

## Count Four—"Interstate Commerce"

With regard to Count Four, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## **Count Four—"Unlawful Activity"**

In Count Four, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Four, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Four. However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

## Count Four—Official Action

With regard to Count Four, an act is "an act or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## Count Four—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## <u>Count Four—Official Misconduct</u>

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## **Count Four—Commercial Bribe Receiving**

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1. The person is an employee or agent of the City of Chicago; and

2. The person solicits, accepts, or agrees to accept a benefit from another person; and

3. The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4. The person does so without the consent of his employer or principal.

**COUNT FIVE, ATTEMPTED EXTORTION UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a)**

## **Count Five—Elements**

Count Five of the indictment charges defendants Burke and Andrews with attempted extortion related to Tri City Foods or its affiliate. In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly attempted to obtain money or property from Tri City Foods or its affiliate;

2. That the defendant attempted to do so by means of extortion by fear or under color of official right;

3. That the defendant believed that Tri City Foods or its affiliate would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Five.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt

as to the defendant you are considering, then you should find the defendant not guilty of Count Five.

## **Count Five—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

### Count Five—Extortion "by Fear"

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

### Count Five—Extortion Under "Color of Official Right"

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## **Count Five—Official Action**

With regard to Count Five, an act is an "official action" if it is a formal exercise of governmental power.

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## <u>Count Five—"Property"</u>

With respect to Count Five, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## Count Five—"Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## **Count Five—Aiding and Abetting**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

## COUNT SIX, EXTORTION CONSPIRACY UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a)

## Count Six—Elements

Count Six of the indictment charges defendants Burke and Andrews with conspiracy to commit extortion. In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. The conspiracy as charged existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Six.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Six.

The definitions and elements related to extortion are set forth in the instructions for Count Five. You must apply the same definitions and elements for extortion in considering your verdict for Count Six.

### Count Six—"Conspiracy"

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

## Count Six—Membership in Conspiracy

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

### **Count Six—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**COUNT SEVEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL
ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

**Count Seven—Elements**

Count Seven of the indictment charges defendants Burke and Andrews with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendants used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter the defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Seven.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Seven.

### **Count Seven—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## **Count Seven—"Interstate Commerce"**

With regard to Count Seven, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## **Count Seven—"Unlawful Activity"**

In Count Seven, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Seven, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Seven. However, you must unanimously agree on which unlawful activity defendants promoted or facilitated.

## <u>Count Seven—Official Action</u>

With regard to Count Seven, an act is an "official action," is "an act or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## Count Seven—Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.    The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.    The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.    Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.    The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.    The conduct of the defendant affected interstate commerce.

## **Count Seven—Extortion "by Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

### Count Seven—Extortion Under "Color of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

### **Count Seven—"Property"**

With respect to Count Seven, "property," "benefit," or "fee or reward" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## **Count Seven—"Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## **Count Seven—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## **Count Seven—Official Misconduct**

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## **Count Seven—Commercial Bribe Receiving**

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee or agent of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

## **Count Seven—Aiding and Abetting**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**COUNT EIGHT, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

## **Count Eight—Elements**

Count Eight of the indictment charges defendants Burke and Andrews with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendants used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter the defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Eight.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Eight.

## **Count Eight—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## **Count Eight—"Interstate Commerce"**

With regard to Count Eight, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## **Count Eight—"Unlawful Activity"**

In Count Eight, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Eight, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Eight. However, you must unanimously agree on which unlawful activity defendants promoted or facilitated.

## Count Eight—Official Action

With regard to Count Eight, an act is an "official action," is "an act or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

199

## Count Eight—Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

## **Count Eight—Extortion "by Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

### **Count Eight—Extortion Under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## <u>Count Eight—"Property"</u>

With respect to Count Eight, "property," "benefit," or "fee or reward" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## Count Eight—"Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

### Count Eight—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1. The person solicits, receives, retains, or agrees to accept property from another; and

2. The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## __Count Eight—Official Misconduct__

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1. The person was a public officer or public employee; and

2. When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count Eight—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

### **Count Eight—Aiding and Abetting**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**COUNT NINE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

## **Count Nine—Elements**

Count Nine of the indictment charges defendant Burke with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find defendant Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter the defendant did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Nine.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Nine.

## Count Nine—"Interstate Commerce"

With regard to Count Nine, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

### Count Nine—"Unlawful Activity"

In Count Nine, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Nine, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Nine. However, you must unanimously agree on which unlawful activity defendants promoted or facilitated.

## Count Nine—Official Action

With regard to Count Nine, an act is an "official action," is "an act or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

213

## Count Nine—Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1. The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2. The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3. Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4. The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5. The conduct of the defendant affected interstate commerce.

## **<u>Count Nine—Knowingly</u>**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## Count Nine—Extortion "by Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

### **Count Nine—Extortion Under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## Count Nine—"Property"

With respect to Count Nine, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Burke's law firm, Klafter & Burke.

## <u>Count Nine—"Interstate Commerce"</u>

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

## Count Nine—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## Count Nine—Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count Nine—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee or agent of the City of Chicago; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.      The person does so without the consent of his employer or principal.

**COUNT TEN, FALSE STATEMENTS UNDER TITLE 18, UNITED STATES CODE, SECTION 1001(a)(2)**

### **Count Ten—Elements**

Count Ten charges defendant Andrews with making false statements. In order for you to find a defendant guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant made a statement; and

2. The statement was false or fraudulent; and

3. The statement was material; and

4. The defendant acted knowingly and willfully; and

5. The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Ten.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Ten.

### **Count Ten—"False"**

A statement is false if it was untrue when made.

## **Count Ten—"Fraudulent"**

A statement is fraudulent if it is made with intent to deceive.

## Count Ten—"Matter Within the Jurisdiction of the Executive Branch"

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning an FBI investigation are within the jurisdiction of that branch.

## <u>Count Ten—"Material"</u>

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

### **Count Ten—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**<u>Count Ten—Willfully</u>**

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

## **Count Ten—Unanimity**

Count Ten charges defendant Andrews with making materially false statements in a matter within the jurisdiction of the Federal Bureau of Investigation. The government is not required to prove that the defendant made every one of the false statements alleged in Count Ten. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Ten in order to prove that particular count. To find that the government has proven this, you must agree unanimously on which particular false statement or statements the defendant made as to each count you are considering, as well as all of the other elements of the crime charged.

As an example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant made the first false statement charged in the indictment, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant made the second false statement charged in the indictment, then there would be no unanimous agreement on which false statement the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant made the first false statement charged in the indictment, then there would be a unanimous agreement on which false statement the government proved.

**COUNT ELEVEN, CORRUPTLY ACCEPTING AND AGREEING TO ACCEPT THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE, SECTION 666(a)(1)(B)**

## **Count Eleven—Elements**

Count Eleven of the indictment charges defendant Burke with corruptly accepting and agreeing to accept things of value. In order for you to find defendant Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant was an agent of a local government; and

2.    The defendant accepted or agreed to accept a thing of value from another person; and

3.    The defendant did so corruptly, that is, with the understanding that something of value was to be offered or given to reward or influence him in connection with his official duties; and

4.    The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the government; namely, a permit concerning the 4901 Property; and

5.    This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.    The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Eleven.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Eleven.

### **Count Eleven—"Agent"**

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

## **Count Eleven—Official Action**

With regard to Count Eleven, an act is "in connection with some business, transaction, or series of transactions" if it is a formal exercise of governmental power on behalf of the City of Chicago. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## **Count Eleven—Bona Fide Compensation**

Bona fide fees or other compensation paid in the usual course of business do not qualify as a thing of value solicited or demanded, given, offered, or agreed to be given by the defendant.

**COUNT TWELVE, CORRUPTLY OFFERING THINGS OF VALUE UNDER
TITLE 18, UNITED STATES CODE, SECTION 666(a)(2)**

## Count Twelve—Elements

Count Twelve of the indictment charges defendant Cui with corruptly offering or agreeing to give things of value. In order for you to find defendant Cui guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant gave, offered, or agreed to give a thing of value to another person; and

2.      The defendant did so corruptly with the intent to influence or reward an agent of a local government, or any agency thereof, in connection with some business, transaction, or series of transactions of the government; namely, a permit and tax increment financing concerning the 4901 Property; and

3.      This business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

4.      That the City of Chicago, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of a government in connection with the agent's official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Twelve.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Twelve.

## **Count Twelve—"Agent"**

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

## Count Twelve—Official Action

With regard to Count Twelve, an act is "in connection with some business, transaction, or series of transactions" if it is a formal exercise of governmental power on behalf of the City of Chicago. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

### Count Twelve—Bona Fide Compensation

Bona fide fees or other compensation paid in the usual course of business do not qualify as a thing of value solicited or demanded, given, offered, or agreed to be given by the defendant.

**COUNT THIRTEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE,
SECTION 1952(a)(3)**

### Count Thirteen—Elements

Count Thirteen of the indictment charges defendant Cui with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant Cui used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Cui did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Cui did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Thirteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Thirteen.

## **Count Thirteen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## Count Thirteen—"Interstate Commerce"

With regard to Count Thirteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count Thirteen—"Unlawful Activity"

In Count Thirteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Thirteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Thirteen. However, you must unanimously agree on which unlawful activity defendant Cui promoted or facilitated.

## Count Thirteen—Official Action

With regard to Count Thirteen, an act is "an act or function of a public officer or public employee," is "related to the employment or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## Count Thirteen—Bribery

A person has committed the offense of bribery under 720 ILCS 5/33-1(a) when:

1.    Defendant Burke was a public officer or public employee; and

2.    The person promised or tendered to defendant Burke property or a personal advantage; and

3.    The person did so with the intent to influence the performance of any act related to defendant Burke's employment or function as a public officer or public employee.

## **Count Thirteen—Bribery**

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1.    Defendant Burke received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.    Defendant Burke knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

## Count Thirteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## <u>Count Thirteen—Official Misconduct</u>

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## **Count Thirteen—Commercial Bribery**

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.      That person confers, offers, or agrees to confer a benefit upon an employee or agent of the City of Chicago; and

2.      That person does so without the consent of the employer or principal; and

3.      That person does so with the intent to influence the employee's or agent's conduct in relation to his employer's or principal's affairs.

## Count Thirteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1. The person is an employee or agent of the City of Chicago; and

2. The person solicits, accepts, or agrees to accept a benefit from another person; and

3. The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4. The person does so without the consent of his employer or principal.

**COUNT FOURTEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE,
SECTION 1952(a)(3)**

**Count Fourteen—Elements**

Count Fourteen of the indictment charges defendant Cui with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.    That defendant Cui used or caused to be used a facility in interstate or foreign commerce; and

2.    That defendant Cui did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.    Thereafter defendant Cui did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Fourteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Fourteen.

257

## **Count Fourteen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**Count Fourteen—"Interstate Commerce"**

With regard to Count Fourteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count Fourteen—Unlawful Activity

In Count Fourteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Fourteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Fourteen. However, you must unanimously agree on which unlawful activity defendant Cui promoted or facilitated.

## <u>Count Fourteen—Official Action</u>

With regard to Count Fourteen, an act is "an act or function of a public officer or public employee," is "related to the employment or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

### Count Fourteen—Bribery

A person has committed the offense of bribery under 720 ILCS 5/33-1(a) when:

1.  Defendant Burke was a public officer or public employee; and

2.  The person promised or tendered to defendant Burke property or a personal advantage; and

3.  The person did so with the intent to influence the performance of any act related to defendant Burke's employment or function as a public officer or public employee.

## Count Fourteen—Bribery

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1.  Defendant Burke received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.  Defendant Burke knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

### Count Fourteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

### Count Fourteen—Official Misconduct

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1. The person was a public officer or public employee; and

2. When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

### Count Fourteen—Commercial Bribery

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.     That person confers, offers, or agrees to confer a benefit upon an employee or agent of the City of Chicago; and

2.     That person does so without the consent of the employer or principal; and

3.     That person does so with the intent to influence the employee's or agent's conduct in relation to his employer's or principal's affairs.

## Count Fourteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee or agent of the City of Chicago; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.      The person does so without the consent of his employer or principal.

**COUNT FIFTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

### Count Fifteen—Elements

Count Fifteen of the indictment charges defendants Burke and Cui with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That defendants used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.     Thereafter defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Fifteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Fifteen.

## **Count Fifteen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## Count Fifteen—"Interstate Commerce"

With regard to Count Fifteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count Fifteen—"Unlawful Activity"

In Count Fifteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Fifteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Fifteen. However, you must unanimously agree on which unlawful activity defendants promoted or facilitated.

### Count Fifteen—Official Action

With regard to Count Fifteen, an act is "an act or function of a public officer or public employee," is "related to the employment or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

**<u>Count Fifteen—Bribery</u>**

A person has committed the offense of bribery under 720 ILCS 5/33-1(a) when:

1.     Defendant Burke was a public officer or public employee; and

2.     The person promised or tendered to defendant Burke property or a personal advantage; and

3.     The person did so with the intent to influence the performance of any act related to defendant Burke's employment or function as a public officer or public employee.

## **Count Fifteen—Bribery**

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1. Defendant Burke received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2. Defendant Burke knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

## **Count Fifteen—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## <u>Count Fifteen—Official Misconduct</u>

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.      The person was a public officer or public employee; and

2.      When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count Fifteen—Commercial Bribery

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.     That person confers, offers, or agrees to confer a benefit upon an employee or agent of the City of Chicago; and

2.     That person does so without the consent of the employer or principal; and

3.     That person does so with the intent to influence the employee's or agent's conduct in relation to his employer's or principal's affairs.

## Count Fifteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee or agent of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

### **Count Fifteen—Aiding and Abetting**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

**COUNT SIXTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

## Count Sixteen—Elements

Count Sixteen of the indictment charges defendant Burke with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Sixteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Sixteen.

282

## Count Sixteen—"Interstate Commerce"

With regard to Count Sixteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## Count Sixteen —Unlawful Activity

In Count Sixteen, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Sixteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Sixteen. However, you must unanimously agree on which unlawful activity defendant Burke promoted or facilitated.

### Count Sixteen—Official Action

With regard to Count Sixteen, an act is "an act or function of a public officer or public employee," is "related to the employment or function of a public officer or public employee," is an "act" in his "official capacity," or is "conduct in relation to his employer's or principal's affairs," if it is a formal exercise of governmental power. I'll refer to this as an "official action."

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

285

### **Count Sixteen—Bribery**

A person has committed the offense of bribery under 720 ILCS 5/33-1(a) when:

1.    Defendant Burke was a public officer or public employee; and

2.    The person promised or tendered to defendant Burke property or a personal advantage; and

3.    The person did so with the intent to influence the performance of any act related to defendant Burke's employment or function as a public officer or public employee.

## **Count Sixteen—Bribery**

A person has committed the offense of bribery under 720 ILCS 5/33-1(d) when:

1.     Defendant Burke received, retained, or agreed to accept property from defendant Cui that he was not authorized by law to accept; and

2.     Defendant Burke knew that the property was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

### **Count Sixteen—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

## **Count Sixteen—Official Misconduct**

A person has committed the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

## Count Sixteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an employee or agent of the City of Chicago; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit shall influence his conduct in relation to his employer's or principal's affairs; and

4.    The person does so without the consent of his employer or principal.

**COUNT SEVENTEEN, FALSE STATEMENTS UNDER TITLE 18, UNITED STATES CODE, SECTION 1001(a)(2)**

## **Count Seventeen—Elements**

Count Seventeen charges defendant Cui with making false statements. In order for you to find a defendant guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant made a statement; and

2.      The statement was false or fraudulent; and

3.      The statement was material; and

4.      The defendant acted knowingly and willfully; and

5.      The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Seventeen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Seventeen.

## **Count Seventeen—"False"**

A statement is false if it was untrue when made.

## Count Seventeen—"Fraudulent"

A statement is fraudulent if it is made with intent to deceive.

## <u>Count Seventeen—"Matter Within the Jurisdiction of the Executive Branch"</u>

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning potential violations of federal criminal law are within the jurisdiction of that branch.

### Count Seventeen—"Material"

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

A statement may be material even if FBI agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so.

## **Count Seventeen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## Count Seventeen—Willfully

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

## Count Seventeen—Unanimity

Count Seventeen charges defendant Cui with making materially false statements in a matter within the jurisdiction of the Federal Bureau of Investigation. The government is not required to prove that the defendant made every one of the false statements alleged in Count Seventeen. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Seventeen in order to prove that particular count. To find that the government has proven this, you must agree unanimously on which particular false statement or statements the defendant made as to each count you are considering, as well as all of the other elements of the crime charged.

As an example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant made the first false statement charged in the indictment, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant made the second false statement charged in the indictment, then there would be no unanimous agreement on which false statement the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant made the first false statement charged in the indictment, then there would be a unanimous agreement on which false statement the government proved.

**COUNT EIGHTEEN, ATTEMPTED EXTORTION UNDER TITLE 18, UNITED STATES CODE, SECTION 1951(a)**

## Count Eighteen—Elements

Count Eighteen of the indictment charges Defendant Burke with attempted extortion related to the Field Museum. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly attempted to obtain money or property from the Field Museum;

2. That the defendant attempted to do so by means of extortion by fear or under color of official right;

3. That the defendant believed that the Field Museum would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Eighteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Eighteen.

301

## **Count Eighteen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

### Count Eighteen—Extortion "by Fear"

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

### **Count Eighteen—Eighteen Under "Color of Official Right"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## Count Eighteen—Official Action

With regard to Count Eighteen, an act is an "official action" if it is a formal exercise of governmental power.

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

## **Count Eighteen—"Property"**

With respect to Count Eighteen, "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

## Count Eighteen—"Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

**COUNT NINETEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, UNITED STATES CODE, SECTION 1952(a)(3)**

## Count Nineteen—Elements

Count Nineteen of the indictment charges defendant Burke with using an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3.      Thereafter defendant Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Nineteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Nineteen.

## **Count Nineteen—"Interstate Commerce"**

With regard to Count Nineteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

## **Count Nineteen—"Unlawful Activity"**

In Count Nineteen, the government has alleged that a single telephone call was intended to promote "unlawful activities," namely extortion, in violation of Title 18, United States Code, Section 1951(a). With respect to Count Nineteen, the government is not required to prove that the unlawful activity was actually committed.

### Count Nineteen—Extortion

A defendant has committed the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.      The defendant knowingly obtained money or property from the Field Museum; and

2.      The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.      The Field Museum consented to part with the money or property because of the extortion; and

4.      The defendant believed that the Field Museum parted with the money or property because of the extortion; and

5.      The conduct of the defendant affected interstate commerce.

## **Count Nineteen—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## Count Nineteen—Extortion "by Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

**Count Nineteen—Extortion Under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

## **Count Nineteen—Official Action**

With regard to Count Nineteen, an act is an "official action" if it is a formal exercise of governmental power.

A public official engages in an "official action" when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

In addition, the government does not need to prove that the government official had the power to or did perform the act for which he was given or received something of value.

However, a public official does not take official action if he does no more than set up a meeting, host an event, or call another public official.

### <u>Count Nineteen—"Property"</u>

With respect to Count Nineteen, "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

## Count Nineteen—"Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the State of Illinois or actually engaged in business outside the State of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there has been an actual effect on interstate commerce.

**FINAL INSTRUCTIONS**

### **Dual Employment**

Aldermen of the City of Chicago are permitted to hold other jobs, such as lawyers, small business owners, and lobbyists, while serving in public office. Defendant Burke is a licensed attorney in good standing in the State of Illinois and has been authorized to practice law since 1968.

## **Joint Venture**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

## **<u>Punishment</u>**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

## Deliberations

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Android, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

## **Verdict Forms**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

### <u>Verdict</u>

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.