12 June 2024

Honorable Virginia Kendall
United States District Court for the Northern District of Illinois
219 S. Dearborn
Chicago IL 60604

Dear Judge Kendall:

  I am aware that the period for letters regarding the sentencing of former Alderman Ed Burke has closed. Yet I am moved to write because the government's sentencing recommendations, revealed yesterday, seem to omit a pertinent consideration, which frankly, the attorneys on both sides seem to have been reluctant to articulate.

  Let me acknowledge to start that I share long and affectionate relationships with a number of prosecution and defense counsel. I regard all of them as the best of our profession and intend no criticism of any of them. I suspect they will all be put out with me for what I am about to say, not to mention my friends of decades, Ed and Anne Burke. Certainly, no one has encouraged me to write this letter.

  I have known Ed over the years as one of the most keenly intelligent people I've ever encountered, someone with an unrivaled knowledge of the history of Chicago. He is a person with a loving and complex view of human nature, and, in my long experience with him, a central preoccupation with the practical steps that will make life here better for all of us.

  None of this is to gainsay the evidence heard in your courtroom, or to diminish the gravity of the crime Ed has been convicted of. But one thing has been striking to me since the complaint was first unveiled in this matter in 2019. How consistent is it with the image the prosecutors want to draw of a City Hall insider "steeped in corruption" to think that such a man would get on the telephone with people he barely knew and declare, "[W]e're going to talk about the real estate tax representation and you [a]re going to have somebody get in touch with me so we can expedite your permits"? Of course, that was exactly what he said. But what allegedly experienced schemer of Ed's intelligence, let alone a lifetime familiarity with law enforcement and Chicago history, would deliver such a clearly improper message so baldly? The same observation applies to statements about "tuna" and "cash registers," uttered so cheerfully—and

guilelessly. In short, I have considered the crimes themselves as clear evidence of a state of decline that the defendant is too proud to recognize or acknowledge and which the prosecutors, naturally, would not focus on. Personally, I have no doubt that a younger Ed Burke would have stayed carefully within the white lines—and out of your courtroom. Accordingly, I believe that is an important consideration as you ponder the heavy task of setting an appropriate punishment for an 80 year old.

    I apologize again for not expressing these thoughts sooner, and offer you, as always, my greatest respect.


    Scott Turow


cc:    Assistant U.S. Attorney Sarah Streicker
       Joseph J. Duffy, Esq.