# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 19 CR 322 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT EDWARD M. BURKE'S CONDITIONAL
## MOTION TO CONTINUE HIS SENTENCING DATE

Defendant, **EDWARD M. BURKE**, by and through his undersigned attorneys, respectfully moves this Court pursuant to Fed. R. Crim P. 2 and the due process clause of the Fifth Amendment to the Constitution of the United States, to continue his June 24, 2024 sentencing date if the United States Supreme Court has not issued its forthcoming opinion in *Snyder v. United States*, No. 23-108 by **June 20, 2024**.

1. On December 21, 2023, Mr. Burke was convicted of thirteen counts of the superseding indictment, including two counts of federal program bribery under 18 U.S.C. § 666. (Dkt. 392). He is currently awaiting the Court's ruling on his post-trial motions, in which he is challenging the majority of his convictions, including those under § 666. (Dkt. 477). Mr. Burke is currently set to be sentenced on June 24th. (Dkt. 450).

2. On April 15, 2024, the United States Supreme Court heard oral arguments in *Snyder v. United States* (No. 23-108). Though the question presented

by Petitioner *Snyder* was whether 18 U.S.C. § 666(a)(1)(B) covers gratuities in addition to bribes, the Court focused considerable attention on the scope of the *mens rea* "corruptly." Notably, the jury instructions defining "corruptly" in *Snyder* mirrored the definition given in this case.[1] During the oral argument, the conservative majority of the Court expressed they were troubled, if not outright disapproving, of the government's definition and interpretation of the federal program bribery statute's *mens rea* of "corruptly"—which applies to both the bribery and gratuity prongs of the statute.[2]

3. This Court should join the chorus of district court judges in the Northern District of Illinois who have taken the approach of continuing cases involving the forthcoming trials and sentencings of defendants charged with or convicted of federal program bribery under 18 U.S.C. § 666 until the Supreme Court issues its forthcoming opinion in *Snyder,* which is expected before the Court's recess at the end

---

[1] The trial court in *Snyder* defined "corruptly" as follows: "A person acts corruptly when he acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties." *United States v. Snyder*, 16-cr-160 (N.D. Ind.) (Dkt. 505, p.18). At Mr. Burke's trial, and over defense objection, the Court defined the statute's *mens rea* of "corruptly" in the jury instructions as follows: "The defendant did so corruptly, that is, with the understanding that something of value was to be offered or given to reward or influence him in connection with his official duties." (Dkt. 384, p.143; TR. 4243-52; Dkt. 375). Defense counsel argued that the *mens rea* needed to include an explicit quid pro quo requirement, and that the language of the statute was overly vague such that it risked conviction for legal conduct. (*Id.*; *see also* Dkt. 105, 159).

[2] Snyder Oral Arg. TR., p. 85 (Justice Alito explaining to government counsel: "Well I am concerned about the breadth of – the breadth of your interpretation, and it all seems to rest on the understanding of corruptly."); (*Id.* at 107) (Justice Barrett stating to government counsel: "I'm increasingly worried about the scope of the government's position[.]"); (*Id.* at 102) (Justice Kavanagh stating to government counsel that "the problem is the word 'corruptly' then creates enormous uncertainty and vagueness about where the line is drawn … and it's up to 10 years in prison, that's a problem."). The transcript is available at: https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/23-108_4hd5.pdf.

of June. Given Mr. Burke's June 24th sentencing date, counsel submit that if the decision has not been issued by June 20th, the Court should re-set the sentencing to a date in mid-July.

4. By our count, no less than <u>six separate cases</u> have been so continued in this district alone, as set forth below. Indeed, after initially opposing such requests, the government has affirmatively sought to continue § 666 cases, and/or declined to oppose continuance motions, until the Supreme Court rules in *Snyder*.

- On April 25, 2024, in *United States v. Derrick Muhammad*, 22-cr-145 (Gettleman, J.) (Dkt.50), the district court granted <u>the government's unopposed request</u> to reset the defendant's May 30, 2024 trial date until after *Snyder* is decided.

- On February 29, 2024, in *United States v. Michael McClain, et al.*, 20-cr-812 (Leinenweber, J.) (Dkt. 367), the district court granted the defendant's motion to stay the defendants' sentencing hearings until *Snyder* is decided, over the government's objection.

- On February 28, 2024, in *United States v. Kosmowski*, 22-cr-165 (Seeger, J.) (Dkt. 68), the district court granted <u>the defendant's unopposed request</u> to vacate and reset the May 20, 204 trial date "in light of the pending *Snyder* and *Fischer* cases before the Supreme Court."

- On February 15, 2024, in *United States v. Robert Mitziga*, 23-cr-242 (Kennelly, J.) (Dkt. 121), the district court granted <u>the defendant's unopposed request</u> to continue the April 15, 2024 trial date to August 1, 2024.

- On January 3, 2024, in *United States v. Michael J. Madigan et al.*, 22-cr-1151 (Blakey, J.) (Dkt. 91), over the government's strenuous objection, including a concession to only pursue a bribery theory, the district court granted the defendants' motion to continue the April 1, 2024 trial date to October 8, 2024, after the Supreme Court issues its decision in *Snyder*.

- On May 31, 2024, in *United States v. Paul La Schiazza*, 22-cr-250 (Gettleman, J.) (Dkt. 57), the district court reserved ruling on several evidentiary issues on the basis of *Snyder v. United States*.

5. The same approach is appropriate here. Though no one can predict with certainty how the Supreme Court will ultimately rule, these district courts have determined that it is in the interests of all parties to wait for the forthcoming guidance. However, if the oral argument in *Snyder* is any indication, it does appear that the Supreme Court may well be preparing to rule that the jury instructions given in *Snyder*, which mirrored the instructions given here, were legally insufficient. Such a ruling by the Supreme Court could impact this Court's analysis of the post-trial motions as well as the Court's determination of an appropriate sentence.[3]

---

[3] Such potential relief would not be dependent on the Supreme Court ruling that gratuities are not covered by federal program bribery statute, because Mr. Burke might be entitled to relief if the Court rules that the *mens rea* "corruptly"—which applies to the bribery and gratuity prongs—was inadequately defined. Thus, the fact that the government may argue that the trial here was limited solely to the bribery theory is not determinative. Nor should the government's pursuit of the bribery-only theory prevent the grant of a continuance. In *Madigan* for example, when granting the defendants a *Snyder* trial continuance, the district court noted that the government's offer to only pursue a bribery theory was not a sufficient basis for declining the grant of the requested continuance. *Michael J. Madigan et al.*, 22-cr-1151 (Blakey, J.) (Dkt. 93, TR. at 17-18). The same is true here.

Importantly, counsel also note that at trial and over the defense objection, the Court permitted the term "reward" to remain in the jury instructions, even though the government ultimately decided not to pursue a gratuity theory. (TR. 4243-52, 4313-16). The government argued it was necessary to include the term "reward" in order to describe acts of bribery in which there is a pre-agreement to take official action, and the payment is made after the action is taken. (TR. 4313-14). In short, the government took the position that (1) <u>the term "reward" does not equate to a gratuity</u>, and (2) "reward" should be included in jury instructions even where the government only pursues a bribery theory. (*Id.*) However, only a few months later on March 11, 2024, the government completely reversed course in its merits brief filed in *Snyder v. United States* (No. 23-108). Apparently disavowing its positions taken before this Court, in *Snyder* the government argued at length that "<u>the word rewarded describes gratuities</u>[.]" (Gov't Snyder Br. p. 19-21). The government also disavowed the argument that the term "reward" in the statute is necessary to cover bribes that can be promised before and paid after, calling the timing of the payment "irrelevant." (Gov't Br. p. 24-25). All of this raises real concern that Mr. Burke was convicted on a mere gratuity theory on the § 666 counts, rather than bribery. If the Supreme Court rules in *Snyder* that the statute does not cover gratuities, Mr. Burke could be entitled to a new trial on that ground as well.

6. There is also neither prejudice to the government, nor undue delay, attached to a modest continuance of the sentencing date, given that a ruling in *Snyder* will be issued before the summer recess of the Supreme Court's 2023-2024 term—by late June or early July at the latest.

7. Finally, such a ruling is also well within the Court's authority. Fed. R. Crim. P. 2 provides that the "rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Counsel submit that the grant of Mr. Burke's request would embody both the spirit and letter of this rule.

8. For all of these reasons, Mr. Burke respectfully proposes that if the *Snyder* decision has not been issued by June 20th, that the Court re-set Mr. Burke's June 24th sentencing date to a date in mid-July.

Dated: June 14, 2024                              Respectfully submitted,

**JENNER & BLOCK LLP**                            **LOEB & LOEB LLP**

By:  */s/ Charles B. Sklarsky*                    By:  */s/ Joseph J. Duffy*
    Charles B. Sklarsky                              Joseph J. Duffy
    Kimberly Rhum                                    Robin V. Waters
    353 N. Clark Street                               321 N. Clark Street, Suite 2300
    Chicago, IL 60654                                 Chicago, IL 60654
    Tel: (312) 222-9350                               Tel: (312) 464-3100
    csklarsky@jenner.com                              jduffy@loeb.com
    krhum@jenner.com                                  rwaters@loeb.com

                                    **GAIR GALLO EBERHARD**

By:    */s/ Chris Gair*
        Chris Gair
        Blake Edwards
        1 East Wacker Drive, Suite 2600
        Chicago, IL 60601
        Tel: (312) 600-4901
        cgair@gairlawgroup.com
        bedwards@gairlawgroup.com

*Attorneys for Edward M. Burke*